No. 22.—BRIGHT W. TRUETT *et al.* his securities, plaintiffs in error, *vs.* THE JUSTICES OF THE INFERIOR COURT, for the use of Randolph County, defendants.

[1.] A tax originally assessed and collected, under an order of the Inferior Court, for one purpose, which is illegal and void, cannot, for that reason, be directed to another purpose, which is valid.

*Fi. fa.* and illegality, in Randolph Superior Court. Decided by Judge KIDDOO, at Chambers, May 24th, 1856.

A *fi. fa.* in favor of the Justices of the Inferior Court for the use of Randolph County, was issued against Bright W. Truett, Tax Collector of said county, and his securities, to collect certain taxes which had come into the hands of said collector, and which were were still in his hands. To this *fi. fa.* an affidavit of illegality was filed by defendants, and the cause was submitted to the Judge, upon the following agreement:

"It is agreed by and between Counsel for plaintiffs and defendants, that the same (case stated) shall be submitted to the decision of his Honor, DAVID KIDDOO, Judge of the Superior Court, for his decision upon the illegality on the above stated *fi. fa.* in the first instance, without awaiting a resort to the other tribunals and forms, subject to a revision of his decision by the Supreme Court, to be taken by either party on bill of exceptions, as in other cases, on the following state-

ment of facts: It is agreed that *Truett*, as Tax Collector, collected one hundred per cent. on the State tax. It is farther agreed, that 12½ per cent. of the amount was assessed for poor school purposes, without a recommendation by the Grand Jury or School Commissioner. It is further agreed, that subsequent to the collection of taxes for 1853, the Inferior Court passed the following order, to-wit:

'Whereas an order was entered on the minutes of this Court at the July Term, 1853, ordering and directing the Tax Collector of Randolph County to collect twelve and one-half per cent. for poor school fund, when the Grand Jury nor School Commissioner had neither made a recommendation for the assessment of said tax. It is therefore ordered by the Court, that said sum of twelve and one-half per cent. collected as aforesaid, be paid over to the County Treasurer by the Tax Collector, for county purposes, it originally being the intention of the Court that it should be collected for that purpose. February 6th, 1854.'

Which order provided for its application in another manner, and which order was passed by the Inferior Court in proper form. Shall *Truett and his securities* be responsible for the twelve and one-half per cent. collected by him? Have the Inferior Court any authority to force its collection from defendants? Is illegality a remedy?"

Upon a submission of the facts above agreed on, a motion was made by Counsel for defendants in error, to dismiss the illegality referred to. The Court sustained the motion and passed an order dismissing the illegality, ordering the *fi. fa.* to proceed; and that the said order, together with the agreement of Counsel, be entered on the minutes of the Court. Plaintiff's Counsel excepted to this decision, and assigns the same as error.

Douglass & Douglass, for plaintiffs in error.

Hood & Robinson, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] In *Reynolds vs. Lofton et. al.* (18 *Ga. R.* 47,) it was decided that the Justices of the Inferior Courts of the several counties, have no power, under the Act of 1821, to levy, for county purposes, a tax "extraordinary of the general State tax," until after such a tax has been recommended by two-thirds of the Grand Jury of their counties, respectively."

This case, it is conceded, settles the principle, that the fund collected in the present instance, for poor school purposes, was illegal—it having been done without authority of law.

But it is sought to cure the error by entering a *nunc pro tunc* judgment. We do not so understand the meaning of a *nunc pro tunc* judgment. It is to enter now a judgment which was rendered, and should have been recorded at a previous time. The phrase signifies *now* for *then;* and it is granted to answer the purposes of justice, but never to do injustice.

But the proposition here is, to enter a totally different judgment, and that, too, without alleging that the original judgment was not drawn as it was intended it should be. Indeed, it is a misnomer to call this a *nunc pro tunc* judgment. The original judgment, as drawn, was actually recorded at the time; and the attempt is to substitute a totally different one. This cannot be done.