# Kraut *v.* Frankford & Southwark Phila. City Pass. Ry., Appellant.

*Negligence—Street railway—Defective crossing—Proximate cause.*

In an action against a street passenger railway company to recover damages for personal injuries, it appeared that defendants had two tracks on Berks street which curved northward into Front street. At the time of the accident, which was in the night time, plaintiff was walking south on the west side of Front street with the intention of crossing Berks. He testified in substance that when he reached the corner of these streets, and

before he left the pavement, he saw a car coming east on Berks street, on the track further from him and twenty or thirty yards from the crossing. Supposing that he would have time before the car reached him he started to cross Berks street on the flag or stepping stones. After crossing the tracks nearer to him he observed for the first time that the car was approaching at an unusually rapid rate and had almost reached the crossing. He stopped in the space between the tracks to allow it to pass, and then, thinking that in turning the curve the horses would be out of the tracks, he stepped backward a step or two to avoid them. As he did so his foot went into a hole, or among loose cobble stones, and sank down, and he was thrown forward. He fell with both arms across the track and in front of the hind wheel of the car, which passed over them. It was the duty of defendant to keep the street in repair and it had been out of repair for some months. *Held*, that a verdict and judgment for plaintiff should be sustained.

In the above case plaintiff testified: " In stepping back I just stepped into a hole or loose cobble stones, and my foot sank down and pitched me forward, and in falling forward I put my hands out to save myself and both went under the wheels, and after that I recollect nothing." On cross-examination he said that he could not tell whether his foot went down among loose stones or into a hole, that he simply knew that it went down. There was other testimony that there were holes in the surface of the crossing, and loose stones on it. *Held*, that there was sufficient evidence to justify the jury in finding that plaintiff's fall was due to the defective condition of the street.

*Evidence—Mortality tables.*

The American tables of mortality are, it seems, admissible in evidence in an action for damages for permanent injuries although death did not result.

*Opinion of witness as to .character. of crossing.*

The opinion of a witness as to the dangerous character of a street crossing is, it seems, admissible in evidence.

Argued Jan. 17, 1894. Appeal, No. 11, Jan. T., 1894, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1891, No. 257, on verdict for plaintiff, John George Kraut. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for personal injuries. Before BRÉGY, J.

The facts appear by the opinion of the Supremê Court.

At the trial the court admitted in evidence, under objection and exception by defendant, an agreement between the Delaware River Railroad Co. and the city of Philadelphia, dated July 8, 1857; also ordinances of the city of Philadelphia ap-

proved July 7, 1857, April 1, 1859, and Oct. 16, 1860; and also the act of June 9, 1857, P. L. 802, all of which related to the duty of defendant to keep the street in repair. [1]

The court refused, under objection on part of the plaintiff, to admit in evidence a contract dated Dec. 5, 1890, between the city of Philadelphia and W. P. McNichol, and the bills for the paving of the work, to be followed by other evidence to show that the paving of the crossing was done properly under said contract, and continued to be in good condition at the time of the accident. [2]

When John Dannenhower, plaintiff's witness, was on the stand, he was asked: " Q. In your opinion, from what you saw there, was the condition of that crossing at that place dangerous? A. A dangerous place it is." Objected to, objection overruled and exception. [11]

The court admitted, under objection and exception by defendant, the American tables of mortality. [12]

The court charged in part as follows:

" [It was the duty of the railroad company to have the streets in good travelable condition.] [9] There is no duty that requires them to be as smooth as a ballroom floor, but the duty upon the railroad company was to keep the streets in good condition and the crossing suitable for the purpose for which it was intended, and in such a condition that an ordinarily careful man could cross it with safety. It was its duty to drive its horses at a rate of speed that would not endanger the lives or limbs of people crossing at the street crossings." . . . .

" [It comes back again to that main dispute in the case : If the holes were there, then, if he was in a position which would require him to step back by reason of this rapid movement of the car, and he stepped into the hole that ought not to have been there, and because of the company's duty to keep the street in travelable condition and because that hole caused him to fall, as he said, and pitch forward, then the company was guilty of negligence, and if that was the negligence that caused the accident he is entitled to recover.] " [10]

Defendant's points were among others as follows:

" 1. The evidence on the part of the plaintiff himself shows that he stood between the tracks to wait for a car about to pass him, and that finding that he was standing too near for safety

he stepped back to avoid the danger to which he had volun-
tarily exposed himself, and that in endeavoring to avoid that
danger he fell into another, and that the concurrence of the
two factors, to wit, his selection of a dangerous standing place,
and his subsequent endeavor to get out of it, jointly caused the
accident.   As his own negligence, therefore, contributed to the
accident, he cannot recover." Refused. [3]

" 2. The plaintiff, in his own evidence, discloses the fact of
negligence on his part in unnecessarily placing himself in a po-
sition of danger voluntarily, and that in his endeavor to avoid
the result of this voluntary and unnecessary exposure he fell
under the car.   The accident was, therefore, due to his own
negligence, and he cannot recover." Refused. [4]

" 3. If the plaintiff voluntarily and unnecessarily stood in a
place too near an approaching car to be safe, and in the effort
to escape the danger thus incurred stepped into a hole or other
defect in the pavement, and was thereby thrown under the car,
he was guilty of contributory negligence, and cannot recov-
er." Refused. [5]

" 4. The defect in the pavement, if any existed, was not the
proximate cause of the accident, but only a concurrent cause;
and as the plaintiff's negligence, according to his own testi-
mony, concurred with the alleged defect in causing the acci-
dent, he cannot recover." Refused. [6]

" 5. No negligence has been shown on the part of the rail-
road company, and your verdict must be for the defendant."
Refused. [7]

6. Request for binding instructions.   Refused. [8]

Verdict for plaintiff for $25,000.   One half of this being re-
mitted, judgment was entered for $12,500.

*Errors assigned* were (1, 2, 11, 12) rulings on evidence;
(3–10) instructions; quoting instructions and substance of
offers, but not quoting bills of exceptions or evidence, except
as stated above.

*Gavin W. Hart, Wm. Henry Lex* with him, for appellant.—
The defective condition of the street was not a factor in caus-
ing the injury: Chartiers Tp. v. Phillips, 122 Pa. 601; Herr
v. Lebanon, 149 Pa. 222; Schaeffer v. Jackson Township, 150

Pa. 145 ; Kieffer v. Hummelstown Boro., 151 Pa. 304; McCauley v. Logan, 152 Pa. 202.

It may be asserted that plaintiff in avoiding one danger fell into another. The answer to this is that the danger he avoided was one caused by his own act, and the danger he fell into became such only when combined with his negligent act. In short, the danger he avoided was not caused by defendant: R. R. v. Werner, 89 Pa. 59; Aiken v. R. R., 130 Pa. 380.

When plaintiff's own evidence discloses contributory negligence he cannot recover: Bentley v. Penna. Canal Co., 66 Pa. 30; Nagle v. R. R., 88 Pa. 35; Fischer v. Monongahela City, 111 Pa. 9; Barnes v. Sowden, 119 Pa. 53; Cadow v. R. R., 120 Pa. 559; Kohler v. R. R., 135 Pa. 346; Lynch v. Erie, 151 Pa. 380; Baker v. Gas Co., 157 Pa. 593.

The obvious danger did not become an active factor until plaintiff, by his own voluntary act, caused it to be such. What vigilance will disclose is presumed to have been seen: Harris v. Ice Co., 153 Pa. 278; Robb v. Connellsville Borough, 137 Pa. 42.

Where the facts are undisputed and the intervening agency is manifest, it is not error for the court to withhold the evidence from the jury: Hoag v. R. R., 85 Pa. 293; West Mahanoy v. Watson, 112 Pa. 575; West Mahanoy v. Watson, 116 Pa. 344; Bunting v. Hogsett, 139 Pa. 363; Herr v. Lebanon, 149 Pa. 226.

The evidence of an expert on danger is inadmissible: Lineoski v. Coal Co., 157 Pa. 153.

As no death occurred, it was error to admit in evidence the American Tables of Mortality: Shippen's Ap., 80 Pa. 391; Rummele v. Heating Co., 16 Atl. R. 78; Steinbrunner v. R. R., 146 Pa. 504; McCue v. Knoxville, 146 Pa. 580.

*Mayer Sulzberger, O. Percy Bright* and *Walton Pennewill* with him, for appellee.—Plaintiff was not guilty of contributory negligence: 2 Thompson, Negligence, p. 1238; Beach on Con. Neg., 2d ed. § 447 ; R. R. v. McElwee, 67 Pa. 311; Baker v. Fehr, 97 Pa. 70. There is no fixed standard of duty which a pedestrian at a street railway crossing is bound to observe, except that of looking: Carson v. Ry., 147 Pa. 219; Gibbons v. Ry., 155 Pa. 279.

Where inferences of fact are to be drawn from the testimony it is the exclusive province of the jury to determine what the facts are and to draw the just inferences: Fisher v. Ry., 131 Pa. 292; Baker v. Fehr, 97 Pa. 70; Baker v. Gas Co., 157 Pa. 593; Girard College Pass. Co. v. Middleton, 3 W. N. 486.

A party injured is not guilty of negligence in not anticipating negligence on the part of another: Reeves v. R. R., 30 Pa. 454. A party is not bound to guard against the want of ordinary care on the part of another; he has a right to presume that ordinary care will be used: Brown v. Lynn, 31 Pa. 510; Beach on Con. Neg. § 38; Penna. R. R. v. Ogier, 35 Pa. 60.

The injury of plaintiff was the natural and probable result of defendant's negligence in this respect, for it was exactly what the company was bound to expect would happen in consequence of its negligence: Burrell Township v. Uncapher, 117 Pa. 353.

Ordinances may be given in evidence: R. R. v. Ervin, 89 Pa. 71; McNerney v. Reading City, 150 Pa. 611; Penna. R. R. v. Lewis, 1 W. N. 550; R. R. v. James, 1 W. N. 68.

It is a general rule of law that a man is responsible for the natural and probable consequences of his act, and for these consequences only so far as they are natural and proximate, and such as may on this account be foreseen by ordinary forecast. An act is the proximate cause of an event, when in the natural order of things and under the circumstances it would necessarily produce that event: Fairbanks v. Kerr, 70 Pa. 86; Hoag v. R. R., 85 Pa. 293; Pass. Co. v. Boudrou, 92 Pa. 475; 2 Thompson on Neg., 1st ed., page 1173; Brown v. Lynn, 31 Pa. 510; Gray v. Scott, 66 Pa. 345.

The question of proximate cause was properly submitted to the jury: 2 Thompson on Neg., p. 1240; Catawissa R. R. v. Armstrong, 52 Pa. 282; North Penna. R. R. v. Heileman, 49 Pa. 60; Hoag v. R. R., 85 Pa. 293.

The ordinary speed of a street car ought to be checked at every crossing, especially after dark, and the driver should be looking ahead and never suffer his attention to be diverted: Ry. v. Mulhair, 6 W. N. 508; Ry. v. Walling, 97 Pa. 62; Reeves v. R. R., 30 Pa. 454.

Defendant was bound to keep its tracks in repair: Frankford & Southwark Pass. Ry. v. City, 43 Leg. Int. 336.

The mere omission to say what might have been properly

said is no just ground of complaint by a party who submitted no points to the court: Reeves v. R. R., 30 Pa. 454; Com. v. Zappe, 153 Pa. 498.

Where an obstruction is of long duration, constructive notice is presumed: McLaughlin v. Corry, 77 Pa. 109; Norristown v. Moyer, 67 Pa. 355; North Manheim v. Arnold, 119 Pa. 380; Davis v. Corry, 154 Pa. 598.

The opinion of a witness as to the dangerous character of a place is competent: Beatty v. Gilmore, 16 Pa. 463; R. R. v. Ervin, 89 Pa. 72; McNerney v. Reading, 150 Pa. 616.

Computation based upon the Carlisle and American Tables of Mortality is proper evidence: Steinbrunner v. Ry. Co., 146 Pa. 504; McCue v. Knoxville, 146 Pa. 580; Scheffler v. R. R., 19 A. & E. R. R. Cas. 173; R. R. v. Coates, 15 A. &. E. R. R. Cas. 265.

*John G. Johnson*, for appellant, in reply.—A verdict for defendant should have been directed. The speed of the car did not occasion the stumbling.

Strip plaintiff's case of his inference as to the cause, and there remains in it nothing but the fact that in stepping backward he slipped forward, and that somewhere near the place of his fall, if his witness spoke truly, there were one or more holes and loose cobble stones.

In stepping backward, if plaintiff stood between two tracks, he would necessarily reach the south rail of the westbound track. If a hole would have pitched him forward, this rail would have accomplished the same result. He might well have slipped upon this rail and his foot might have sunk down behind it or in front of it. He might have slipped because he was drunk: Fox v. Borkey, 126 Pa. 169; Searles v. R. R., 101 N. Y. 662; Hayes v. R. R., 111 U. S. 241.

Even though plaintiff had stepped backwards into a hole or upon a loose cobble stone, which caused him to fall, there was a lack of any evidence that the hole was of such a depth or character, or that the cobble stone was loose, under such circumstances, and for such a length of time, as justified the attributing of negligence to defendant in permitting the hole, or the stone, to remain.

Even if plaintiff's story was true, it established nothing more

than an accident resulting from a combination of causes, for some of which, at least, defendant was not responsible : Kieffer v. Hummelstown Borough, 151 Pa. 304; McCauley v. Logan, 152 Pa. 202; Schaeffer v. Jackson Tp., 150 Pa. 145.

OPINION BY MR. JUSTICE FELL, March 19, 1894 :

The defendant has two tracks on Berks street, which curve northward into Front street. On the night of the plaintiff's injury he was walking south on the west side of Front street, with the intention of crossing Berks. The substance of his testimony is that when he reached the corner of these streets, and before he left the pavement, he saw a car coming east on Berks street, on the track further from him, and twenty or thirty yards from the crossing. Supposing that he would have time before the car reached him, he started to cross Berks street on the flag or stepping stones. After crossing the tracks nearer to him, he observed, for the first time, that the car was approaching rapidly, and had almost reached the crossing. He stopped in the space between the tracks to allow it to pass, and then, thinking that in turning the curve the horses would be out of the tracks, he stepped backward a step or two to avoid them. As he did so his foot went into a hole, or among loose cobble stones, and sank down, and he was thrown forward. He fell with both arms across the track and in front of the hind wheel of the car, which passed over them, causing such injuries as to require amputation.

The duty of the defendant to keep the street in proper repair, and the fact that the car approached the crossing at an unusually rapid rate, were either admitted or so clearly established at the trial as not to be in dispute. There was the widest difference in the testimony as to the condition of the crossing, whether it was well paved and reasonably safe or whether there were holes in the surface caused by the displacement of stones which were lying loose. Whether safe or unsafe, there had been no change in the condition of the crossing for some months before the accident.

The charge of the learned judge presented clearly and accurately all the questions involved, and the matter proper for consideration now is within very narrow limits.

There seems to be no sufficient reason for entering upon any discussion of remote and proximate cause, to which so much at-

tention was given by counsel for the appellant on the trial of the case and its argument here. Assuming the facts as established by the verdict, the plaintiff on a rainy night reached a street crossing where there were two tracks. A car at the distance of sixty or seventy feet was approaching. He had but fifteen or twenty feet to walk in order to cross in safety before it. He started to do so, and after crossing one track he observed, what he before had no reason to apprehend, that the car was approaching with unusual rapidity. To avoid it he stopped. Instantly it occurred to him that he was too near the track, and he stepped back and met the second cause of danger—the defective pavement. The defendant was responsible for both causes; the plaintiff had notice of neither until the necessity for immediate action was upon him, and in his attempt to avoid one he stepped into the other. If either cause had been absent the accident would not have happened. The unusual speed of the car and the defective crossing were both factors, and as the defendant was responsible for both, it is useless to speculate as to which was the remote and which the proximate cause.

There remains a question which is fundamental, and not free from doubt—whether there was such a connection between the condition of the street and the plaintiff's fall as to establish the one as the cause of the other. The cause of the fall cannot be said to be clearly established. No witness saw what occurred until the plaintiff was in the act of falling. His injuries followed immediately. It would not be expected that a truthful witness could describe accurately the sequence of events occurring in a single moment between the beginning of his fall and the crushing of his arms. An untruthful one would have supplied all the necessary details. The plaintiff was stepping backward, and did not see the hole or loose stones. Had his injuries been slight, more accurate details could have been expected, but only as the result of subsequent observation.

Taking the case as a whole, we cannot say that the jury was left to speculate as to the cause of the fall. The plaintiff testified: " So in stepping back I just stepped into a hole or loose cobble stones, and my foot sank down and pitched me forward, and in falling forward I put my hands out to save myself and both went under the wheels, and after that I recollect nothing."

On cross-examination he said that he could not tell whether his foot went down among loose stones or into a hole, that he simply knew that it went down. There was other testimony that there were holes in the surface of the crossing, and loose stones on it. This is not demonstration, but demonstration is not necessary. The exact cause of plaintiff's fall, whether resulting from holes or loose stones, for which the defendant would be liable, or from mere unevenness and irregularity in the surface of the crossing, for which it would not be liable, is not clear of doubt; but the finding of the jury had a basis of fact and reasonable inference which takes it out of the realm of mere conjecture.

The judgment is affirmed.