## SOUTHERN RAILWAY COMPANY *v.* WARD.

HOLDEN, J.　1. Where a petition alleges that the plaintiff was damaged by an overflow of bottom lands, caused by back water produced by an obstruction placed by defendant in a creek, such allegation is supported by proof that a ditch through such land, crossing such creek one or more times and ending in the same, through part of which ditch the water of such creek flowed, and into which other streams flowed on their way to the run of such creek, was partly filled by sand from such back water, whereby the water which formerly flowed through such ditch overflowed such land.

2. The testimony of eye-witnesses to the physical fact that the land was overflowed may be accepted by the jury as true in preference to the opinion of an expert, based on measurements made by him, that such overflow could not have occurred.

3. Upon the trial of a suit for damages in the loss of crops by reason of bottom lands being overflowed because of obstructions placed in a stream, it is not error to exclude testimony offered by the defendant that the condition of bottom lands in the county was very bad.

4. Under the facts of this case, even if the excluded testimony of a witness was admissible, its exclusion was not error requiring a new trial, as it appears that the witness delivered testimony substantially the same as that objected to and it remained before the jury without objection. *Hixon* v. *State*, 130 *Ga.* 479 (61 S. E. 14).

5. The charges of the court assigned as error, when taken in connection with the entire charge, were not subject to the complaints made thereof.

6. The evidence authorized the verdict, and there was no abuse of discretion in refusing a new trial.

　　　　　　*Judgment affirmed. All the Justices concur.*

Argued February 14,—Decided July 14, 1908.

Action for damages.　Before Judge Reagan.　Henry superior court.　July 19, 1907.

*Charlton E. Battle* and *Howell Hollis,* for plaintiff in error.

*Charles J. Haden* and *Westmoreland Brothers,* contra.