## COUNTY OF BUTTS *v.* HIXON.

HOLDEN, J. The plaintiff sued the County of Butts to recover damages for injuries received on account of the defective condition of a public bridge built by the county authorities since December 29, 1888. She alleged that the insecure condition of a hand-railing on the side of the bridge, upon which she placed her hand for support while crossing the bridge at night, caused her to move towards the center of the bridge, and in doing so her foot became entangled in the rotten and jagged end of a beam on the floor of the bridge, causing her, without fault on her part, to fall and sustain the injuries for which she brought suit. She further alleged that the defective condition of the bridge was due to the negligence of the county authorities in failing to repair it after knowing, or being charged with knowledge, of its unsafe condition. The plaintiff obtained a verdict, and the defendant excepted to the court's refusal to grant its motion for a new trial. *Held:*

1. Where two acts of negligence concur in producing an injury, in the absence of either of which the injury would not have occurred, and both acts are chargeable to the same person, the doctrine of proximate cause is not applicable. And where acts charged as negligence consist in the failure to remedy two defects in a public bridge, which would not constitute negligence until the county authorities charged with the re-

pair of such bridge had actual or constructive notice thereof, and both defects combine in causing an injury which would not have occurred had either not existed, the fact that the county authorities are charged with knowledge of only one of such defects will not excuse the county from liability. 1 Thompson on Negligence, § 69; Kraut *v.* Frankfort &c. R. Co., 160 Pa. 327 (28 Atl. 783).

(*a*) The following charge of the court: "In this case, if there was a defect in this bridge because of a beam placed there by authority of the county authorities, and it was suffered to decay and become rotten, and on that account it became dangerous, then if the county authorities, the county commissioners, had notice of it, or either of them, or if that condition remained for a sufficient length of time for them to discover it in the exercise of ordinary care, which would be notice to them, and if the plaintiff was injured on account of the defect, she would be entitled to recover," was not subject to the criticism that it was error "for the reason that it is not adjusted to the issues in this case. The plaintiff alleges in her petition and her proof tends to show that she came in contact with two defects in the bridge, the loose railing and the beams of wood laid across the bridge, and that both these defects contributed to her injury." Nor was such charge subject to the criticism that it was error because it "in effect instructs the jury that it was not necessary that the county authorities should have notice, either actual or constructive, of the defective condition of the railing which she alleges was defective, and which, according to her allegations and proof, contributed to her injury."

2. The refusal of the court to rule out the evidence of a witness for the plaintiff, "that bridge was rebuilt in 1891," upon objection of the defendant that it was an opinion of the witness, was not error requiring a new trial, it appearing that the same witness delivered other testimony substantially the same as that objected to and it remained before the jury without objection. *Southern Ry. Co.* v. *Ward*, 131 *Ga.* 21 (61 S. E. 913).

3. The defendant offered the following testimony of a witness sworn in its behalf: "Soon after Mrs. Hixon was injured, Mr. J. O. Gaston, chairman of the county commissioners, turned over to me a letter from W. F. Hixon, the plaintiff's husband, and a witness in the case. The letter was apparently written with a view of getting the commissioners to pay something in compromise for the injury. No amount was mentioned in the letter, but he said in that letter 'that it was a matter which ought to be compromised,' inasmuch as the county and Mrs. Hixon were both at fault in causing the injury. I have lost the letter." The court committed no error in refusing to allow such testimony, and in sustaining the objection of plaintiff's counsel to its admission, on the ground that the letter was written with a view to a compromise.

4. The petition alleged that the plaintiff was a resident of Mitchell county. Interrogatories were sued out for her in behalf of plaintiff, in the caption of which it was stated that she resided in the county of Effingham. The word "Mitchell" was written under the word "Effingham" and erased. Counsel for the defendant signed a writing on such interrogatories, wherein he acknowledged service and notice thereof and waived

copy of same, and consented that they might be executed "without formal commission," and nominated "Eugene Cox as commissioner to represent the defendant." Cox did not act as commissioner in the execution of the interrogatories, and counsel for the defendant in writing, before the case was submitted to the jury and after giving notice to the opposite party, objected to the execution and return of the interrogatories, on the ground that Cox did not act as one of the commissioners. It appeared before the trial·judge that the witness resided in Effingham county and Cox resided in Mitchell county, "200 miles or more from where the witness resided, and for this reason he·did not act as commissioner." The court committed no error in overruling the objections and in allowing the interrogatories·to be used upon the trial of the case.

5. The evidence supported the verdict, and the court committed no error in refusing a new trial.

*Judgment affirmed. Fish, C. J., and Lumpkin, J., concur. Beck, J., absent.*

EVANS, P. J., and ATKINSON, J., dissent from the holding in the 4th headnote. When a party to a cause waives the issuance of a formal commission to take interrogatories and nominates a named individual to represent him, the waiver amounts to a convention that the interrogatories may be taken by commissioners one of whom must be the person named. If not executed agreeably to the convention, the interrogatories should be excluded from evidence.

AUGUST 10, 1910.

Action for damages. Before Judge Reagan. Butts superior court. April 22, 1909.

*J. B. Wall* and *W. E. Watkins,* for plaintiff in error.
*Robert L. Berner,* contra.