### SOUTHERN RAILWAY COMPANY *v.* JAY.

HOLDEN, J. 1. A motion for a new trial was made during the August term, 1910, of Monroe superior court, and an order passed providing that it be heard on the 17th day of October, 1910, and "that the movant have until said time in which to prepare and present for approval a brief of the evidence in said case, and to perfect, by amendment or otherwise, his motion for a new trial, the said brief and amended motion to be filed as ordered by the court." On October 17, 1910, the court passed the following order: "The hearing of the motion for a new trial in the above case having been set for to-day, and it appearing to the court that the court reporter has been unable to write out the evidence taken on the trial, the hearing is continued to the 29th of October, 1910." On October 29, 1910, the following order was passed by the court: "This motion came up for hearing on the 17th day of October, 1910, and an order was passed continuing the motion until this the 29th day of October, 1910, for the reason that the stenographer had been unable to translate the notes of the evidence. On call of the

case to-day, counsel for defendant moved to dismiss the motion, because there was no authority in the order of the 17th giving the movant until the hearing in which to present a brief of the evidence; whereupon counsel for movant moved to amend the order nunc pro tunc by inserting therein the following: 'And it is further ordered that the movant have until said 29th of October, 1910, in which to present for approval a brief of evidence in the case.' The court being satisfied that said words were intended to be inserted in said order and that said right was intended to be given the movant, it is ordered that said order be amended as prayed for." On October 29, 1910, the court approved the brief of evidence presented by the movant, and ordered it filed as a part of the record, and on the same day passed an order granting a new trial. In the bill of exceptions, after reciting that the court passed the order of October 29, 1910, amending the order of October 17, 1910, providing "that movant have until said 29th of October, 1910, in which to present for approval a brief of evidence in the case," and the fact that the plaintiff objected to such order, it is recited: "The court did this because, as he stated at the time, that he intended to put in the order when he signed it the right to movant to have until October 29, 1910, to present the brief for approval." *Held,* that the court did not err in overruling the objection of the plaintiff in error hereinbefore referred to, nor in passing the order of October 29, 1910, nor in refusing to dismiss the motion for a new trial.

2. Jay sued the Southern Railway Company for damages because of injuries sustained by being struck by one of its trains while backing over an alleged public crossing in an unincorporated town or village. A verdict was rendered in favor of the defendant, and to the order of the court granting the plaintiff a new trial the defendant excepted. *Held:*

(a) If the crossing at which the plaintiff was injured was one to which the sections of the code requiring the blowing of the whistle and checking of speed are applicable, under the ruling of the case of *Morgan* v. *Central Railroad*, 77 *Ga.* 788, such sections did not require the engineer in charge of the train which injured the plaintiff to observe their requirements; it appearing that the train was being backed on a side-track to leave cars thereon and began such backing between the blow-post and the crossing.

(b) The plaintiff testified that he was struck by a local freight-train backing into a side-track while he was attempting to cross a public road over the track, with his "eyes sorter down towards the mill when I was hit. I did not hear it. My hearing was and is defective, and I have to use an ear-trumpet. I did not hear any one call to me to get out of the way until just as I was hit. I heard some one halloo, and tried to get off the track, and just then the car hit me. . . The train was running seven or eight miles an hour. . . I did not look or listen for the train when I went on the track. I thought it was gone. I could have seen the train by just turning my eyes. If I had, I could have got off, and wouldn't have got on. I wasn't thinking. I was in a brown study. I didn't look for the train, because I just forgot." The evidence of other witnesses was that the train was running from three to five miles an hour. The undisputed evidence showed that the brakeman on the back end of the rear car saw the plaintiff approaching the crossing, and

motioned and called to him to stop, and, as soon as he discovered that the plaintiff did not see or hear him, gave both the "emergency" and "washout" signals to the engineer to stop the train. The conductor, who was standing on the ground near the crossing, when he discovered that the plaintiff "was going to go upon the track" immediately gave signals to stop the train. The engineer promptly obeyed the signals, and stopped the train as quickly as possible. The bell on the engine was being rung at the time of the accident. *Held,* that the evidence demanded a verdict in favor of the defendant, and that the court erred in granting a new trial.

> *Judgment reversed. Beck, J., absent. The other Justices concur.*
>					OCTOBER 28, 1911.

Action. for damages. Before Judge Reagan. Monroe superior court. October .29, 1910.

*Harris & Harris,* for plaintiff in error.

*Robert L. Berner* and *Fletcher & Zellner,* contra.