## 7594. MATTHEWS & SON v. RICHARDS.

BLOODWORTH, J. 1. All paragraphs of the plea as amended which were lacking in legal sufficiency were stricken by the court on demurrer. There was no error in refusing to strike the other paragraphs.

2. Even if testimony as to a certain promissory note, that the note "was given for the purpose of renewing the old note and extending the time of payment," was a conclusion of the witness, and improperly admitted, it was harmless, as the record discloses that other evidence· in practically the same words was admitted without objection; and there was positive evidence of the same fact. *Daughtry* v. *Savannah &c. Ry. Co.*, 1 *Ga. App.* 393 (58 S. E. 230); *County of Butts* v. *Hixon,* 135 *Ga.* 26 (2), 27 (68 S. E. 786); *Southern Ry. Co.* v. *Ward,* 131 *Ga.* 21 (4) (61 S. E. 913).

3. A witness was asked, "If in answer to the last question you say a new note was given, state for what amount, who signed the new note, and was it given for the purpose of renewing the old note and extending the time of payment? When was the new note to become due?" The witness answered: "Yes, I gave a new note at the time the old note became due, which note was signed by myself and Mr. Matthews, and it was given for the purpose of renewing the old note and extending the time of payment. I don't exactly remember when it was to become due, but think about three months from the date it. was renewed." Counsel objected to the question, on the ground that it was leading; and objected to the answer, on the ground that it, was a conclusion of the witness; and the judge replied: "That's the very issue in the case. I will let it go in. They decide it on the evidence. I will let it go in." In the motion for a new trial it was contended that this statement was the expression of an opinion by the judge on the evidence, and was "an erroneous and improper invasion by the court of the province of the jury." *Held*, that in this statement the judge neither expressed nor intimated his opinion as to what had or had not been proved.

4. "I think" means, according to Webster, to recollect or call to mind; and, as used by the witness, the sentence, "I think I placed the Leak note there as collateral or additional security," is to be taken as a statement of what the witness remembered. *Galveston &c. Ry. Co. v. Parrish* (Tex. Civ. App.), 43 S. W. 536: *Humphries v. Parker*, 52 Maine, 502-504. In addition to this there was direct testimony by this witness and others to the same fact.

4. Under the rulings of this court when this case was first here (13 *Ga. App.* 412 (49 S. E. 227), there was no error in permitting the defendant to testify that he "never did receive any notice relative to the payment of the note sued on in this case." Besides, the new note was given in January, 1911, and this witness swore that up to April 25 following he "did not receive any notice relative to the payment of the note."

5. Testimony of the original payee of the note sued on, that after the maturity of the note (January 1) he was told by the person to whom he had traded it that it had not been paid, and replied, "I thought you was going to get that note when it come due, for Jenkins [the

maker] was to pay that note off when he got his money for building a house, and would get it by the first of the year," was not subject to the objection that it sought to alter and vary the terms of the note.

6. There was no error in the excerpt from the charge of the court in the 6th ground of the motion for a new trial, when considered in connection with the note of the judge, explaining and qualifying that ground, and when read in connection with the entire charge.

7. "It is not error requiring a new trial to fail to charge upon the subject of the burden of proof, when there is no written request for such instruction." *Whittle* v. *Central of Georgia Ry. Co.*, 11 *Ga. App.* 257 (74 S. E. 1100); *Southern Ry. Co.* v. *Wright*, 6 *Ga. App.* 172 (7), 184 (64 S. E. 703); *Martin* v. *Gibbons*, 14 *Ga. App.* 136 (2), 138 (80 S. E. 522); *Johnson* v. *Reeves*, 133 *Ga.* 822 (2) (66 S. E. 1081).

8. The evidence authorized the verdict, and there was no error in refusing a new trial.

> *Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*
> DECIDED MARCH 16, 1917.

Complaint; from city court of Cartersville—Judge Moon. May 1, 1916.

*W. T. Townsend,* for plaintiffs. *J. R. Whitaker,* for defendant.