### 13030.   FLORENCE *v.* BYRD.

1. It is the duty of the trial judge, without any written request, to state to the jury with sufficient fullness, and fairly to each side, the material contentions of the parties, and in doing so no essential contention of either party should be omitted; and while the matters of defense which the trial judge is expected to submit are limited to the issues raised by the plea (*Cowan* v. *Bank of Baconton,* 21 *Ga. App.* 645, 94 S. E. 808), yet where a counterclaim has been entered, the plaintiff not being required to file a replication in order to contest its justice, it is the duty of the judge to submit the plaintiff's contentions as developed by the evidence in reply to the counterclaim. *Bank of LaFayette* v. *Phipps,* 24 *Ga. App.* 613 (2), 614 (101 S. E. 696).

2. In this case, however, the exception taken to the failure of the court to charge the special defense of agency in reply to the plea of set-off is without merit, since no issue of agency was involved. The issue was one of fact, the only dispute being as to whether the work sued for was included under the terms of an agreement, admittedly entered upon by the plaintiff as agent and ratified by his principal, or whether it was done under an alleged subsequent contract, which the plaintiff denied making but which, if made, was manifestly an individual con-

tract, without color of authority. Under neither contention was there or could there be any dispute as to how the plaintiff assumed to act.

3. The law embodied in the statute of frauds was not involved.

DECIDED JUNE 14, 1922.

Complaint; from Cobb superior court — Judge Blair. October 1, 1921.

*Morris & Hawkins, Anderson & Roberts,* for plaintiff in error.

*J. Z. Foster, Fred. Morris,* contra.

JENKINS, P. J. The suit was upon an open account for the principal sum of $132.08. The defendant admitted the justness of the account but filed a set-off in the principal sum of $191.04, and, assuming the burden of proof, asked judgment against the plaintiff for the difference between the two amounts. The jury found for the defendant in accordance with the plea of set-off. The plaintiff excepts to the refusal of a new trial. The special grounds of the motion for a new trial are: (1) that, while the court charged that the burden of proof was on the defendant to establish its counterclaim, and that the plaintiff denied the same, yet the court erred in failing to charge the plaintiff's contention that he was acting as the agent of another in having the work done which is represented by the claim of set-off; and (2) that the court did not charge the jury the principle of law in regard to a promise to answer for the debt, default, or miscarriage of another, as embodied in section 3222 (2) of the Code of Georgia (1910). It appears that the plaintiff was the tenant of a certain storeroom owned by Richardson; that Richardson had entered into a written contract with the defendant for the installment of certain store fixtures according to certain blue-prints and specifications; that after the defendant's contract with the landlord had been entered into and during the absence of the landlord, the defendant went to the plaintiff and reported that he had made an error in his calculations, and that he must have a certain additional sum; that the defendant took the matter up with Richardson, his landlord; and that Richardson agreed to allow the increased compensation. The defendant claims that this increase related to matters actually provided for by the blue-prints and specifications, but that subsequently to the agreement and understanding thus arrived at the plaintiff came to him and stated that he desired certain other and additional work, not provided for by the written agreement, and that, when told that the owner would not be liable, the defendant

was instructed by the plaintiff to go ahead, and that if Richardson did not pay for the additional work, he would. It will thus be seen that, according to the defendant's contention, the plaintiff did not assume to be acting under the authority of his landlord in calling for the additional work. The contention of the plaintiff is that the cost of the additional work embraced in the counterclaim was included in the extra compensation referred to as having been accepted and allowed by the landlord. No question arises as to the agency of plaintiff or as to his authority as agent in reference to the former transaction. That was admittedly agreed to by the landlord. No question arises as to the agency of the plaintiff or as to his authority as agent in reference to the alleged latter transaction, since as to that the defendant could not be assumed to have been acting with authority. According to the plaintiff's evidence, no such additional instruction was given. Thus, the issue in controversy was not one of agency, but the sole question was whether or not the items sued for in the counterclaim were included in the admittedly authorized supplemental agreement, or whether the work included in them was done at the instance of the plaintiff by virtue of the alleged, but disputed, subsequent instructions given without color of authority. The issue was one of fact, and there could be no dispute under either contention as to how the plaintiff assumed to act.

It is not necessary to add anything further to the syllabus.

*Judgment affirmed. Stephens and Hill, JJ., concur.*