*Spence & Spence,* for defendant, cited 6 *Ga. App.* 484-7.

---

### 16408. SIMMONS *v.* THE STATE.

1. Whether the court erred in allowing a witness to testify to certain facts over objection is immaterial where later the same witness testified to the same facts without objection.
2. "A correct statement of law embraced in a charge to the jury is not erroneous because the court failed in the same connection to give to the jury other appropriate instructions."
3. The verdict was amply authorized by the evidence.

DECIDED JUNE 12, 1925.

Conviction of manslaughter; from Jenkins superior court— Judge Strange. March 11, 1925.

*G. C. Dekle,* for plaintiff in error.

*John C. Hollingsworth, solicitor-general,* contra.

BLOODWORTH, J. 1. While the accused was being tried on a charge of murder a motion to rule out specified evidence of two

witnesses, Reynolds and Laster, relative to the defendant being in possession of and selling liquor, upon the ground that "said evidence was irrelevant and incompetent," its effect being "to establish a crime other than the one for which the defendant was then on trial," was denied. Reynolds did not testify either that the accused had liquor in his possession or that he sold liquor; so his evidence was not subject to the objection urged against it. Laster did testify that the defendant had and sold liquor on the night of the homicide. The motion, the overruling of which was made a ground of a motion for a new trial, was to rule out specified evidence of this witness as to the possession and selling of whisky. There was no motion to rule out substantially the same and perhaps stronger testimony as to the defendant having and selling liquor, given by this same witness on cross-examination. Therefore, under repeated rulings of this court and of the Supreme Court, the refusal to rule out the evidence offered on direct examination was not reversible error. *Mathews* v. *Richards,* 19 *Ga. App.* 489 (2) (91 S. E. 914), and citations; *Louisville & Nashville Railroad Co.* v. *Lovelace,* 26 *Ga. App.* 287 (3) (106 S. E. 6), and citations.

2. The court charged the jury that "provocation by words, threats, menaces, or contemptuous gestures, shall in no case be sufficient to free the person killing from the guilt and crime of murder." This excerpt from the charge is alleged to be error because the court did not call the attention of the jury to the fact that while words, threats, or menaces will not mitigate the offense, nevertheless words, threats or menaces may justify a killing if the circumstances be such as to reasonably arouse the fears of a reasonable man that a felony is about to be committed upon him. It is well settled that "a correct statement of law embraced in a charge to the jury is not erroneous because the court failed in the same connection to give to the jury other appropriate instructions." *Western & Atlantic R. Co.* v. *Bowen,* 31 *Ga. App.* 32 (1) (119 S. E. 426). For a case where substantially the same point was made as in the ground of the motion now under consideration, and decided adversely to the contention of the plaintiff in error, see *Deal* v. *State,* 145 *Ga.* 33 (88 S. E. 573).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*