38891, 38911.   HUNT *et al.* v. WILLIAMS.

Decided September 13, 1961—Rehearing denied September 27, 1961.

*McClure, Ramsay & Struble, Erwin, Birchmore & Epting,* for plaintiffs in error.

*Marshall L. Allison, William O. Carter,* contra.

HALL, Judge. ■ Special ground 1 of defendants' motion for new trial complains of the admission of the testimony of a witness that in his opinion ". . . what caused the wheel, the left front wheel to lock as I described it, it could be caused from grease or brake fluid on the brakes or the brakes could be too tight on that one wheel." The defendant objected to this evidence on the ground that "it would be a conclusion on the part of the witness." After the admission of the above testimony the same witness testified further: ". . . As to whether there was anything on that truck that could have caused that left front wheel to slow down and locked, it could have been brake fluid or grease on the brake shoe, either one would cause a brake shoe to grab. The other reason was he could have had them too tight in adjustment. You can have one brake too tight on an automobile and when you put it on it will pull that way, that brake will pull the car that direction for some distance. . ." There was no objection to the testimony just quoted.

Whether the court erred in admitting the testimony objected to is immaterial, since the same witness gave substantially the same testimony again and no objection was made to it. *Butts County v. Hixon,* 135 Ga. 26, 27 (68 SE 786) ; *Simmons v. State,* 34 Ga. App. 163 (128 SE 690) ; *Exchange Bank of Savannah v. Pate,* 41 Ga. App. 1, 3 (151 SE 823) ; *Corley v. Russell,* 92 Ga. App. 417 (88 SE2d 470). Special ground 1 therefore shows no error requiring a new trial.

■ In special ground 2 the defendants complain that their counsel asked the witness Noah Williams on cross-examination, "You don't have a driver's license?" and the court sustained

plaintiff's objection on the ground that such matter was irrelevant. Defendants contend that by this ruling the court excluded the testimony of the witness that he, Noah Williams, did not have a driver's license. The special ground itself and the record refute this contention. Immediately before asking the above question, defendants' counsel had asked the witness: "Let me see your drivers license, maybe it will tell your birthday." And the witness answered, "I haven't got one." There was no motion made to rule out this testimony and it remained in evidence.

Accordingly, even though the exclusion of Noah Williams' testimony that he did not have a driver's license may have been error (which we do not decide), the defendants were not harmed because such testimony was already in evidence. It "is not every error which will warrant the grant of a new trial. The error must be a substantial one which harms the complaining party by depriving him of something to which he was entitled in the exercise of his right to a fair and lawful trial. . . In the case at bar the record discloses that the plaintiff in error was permitted to prove substantially everything contained in the testimony which was excluded . . . therefore he could not possibly have been harmed by being deprived merely of the privilege of repetition." *Eberhardt v. Bennett*, 163 Ga. 796 (2) (137 SE 64); *Southern Ry. Co. v. Ward*, 131 Ga. 21 (61 SE 913).

■ In special ground 3 the defendants contend that the following excerpt from the court's charge to the jury was error because it was not authorized by the pleadings and evidence: "Every motor vehicle, other than a motorcycle or motor-driven cycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way, they shall be so constructed that failure on any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels. . . Every motor vehicle or combination of motor-

drawn vehicles shall be capable at all times and under all conditions of loading, of being stopped on a dry, smooth, level road free from loose material upon application of the service (foot) brake within the distances specified below or shall be capable of being decelerated at a sustained rate corresponding to these distances. . . Vehicles or combination of vehicles not having brakes on all wheels, feet to stop from twenty miles per hour, forty, deceleration in feet per second 10.7." This instruction was given in connection with the following: "I charge you, gentlemen of the jury, the following traffic laws of this State as being applicable to this case." Whereupon the court charged portions of Code Ann. §§ 69-1626, 68-1633, 68-1634 and 68-1715 (the above excerpt is a part of Code Ann. § 68-1715(a) and (b)).

There were allegations and evidence forming an issue whether the brakes on defendants' truck were adequate to control its movement. There was no issue in the case as to whether the brakes met the other statutory requirements embodied in the charge objected to. This court has recently held that "To authorize the court to charge on the issue of whether brakes are capable of performing as required by Code Ann § 68-1715(b); there must be evidence that the brakes have been tested and as to whether or not they meet the statutory requirements." Atlanta Metallic Casket Co. v. Hollingsworth, 104 Ga. App. 154 (6) (121 SE2d 388). However, it is also held: "An exception to divers instructions of the court to the jury, in a ground of a motion for new trial, when some of such instructions are clearly pertinent to the issues involved, is not well taken even if some of such instructions may not be pertinent." Mangham v. Cobb, 160 Ga. 182, 187 (127 SE 408).

Accordingly, there was no error in overruling special ground 3 of the motion for new trial.

■ Special grounds 4 and 5 of defendants' motion for new trial involve exceptions to all or part of the following excerpt from the court's charge: "The guide for fixing damages, if any, for pain and suffering and diminished capacity for labor, is the enlightened consciouses [sic] of impartial jurors. . . You will

look to the evidence and to the rules of law which the court has given you in charge and determine what amount, if any, you find for the plaintiff as compensation for pain and suffering and the diminished capacity to labor, past, present and future. . . I charge you, gentlemen of the jury, that if you find from the evidence and the rules of law which the court has given you in charge that plaintiff was disabled for the remainder of her life, thereby suffering a loss of earning capacity, you will apply the following rules of law which the court will now give you in charge." The court then continued with instructions on the method for calculating damages for loss of earning capacity.

In ground 5 the defendants complain of the court's charging the third paragraph quoted above together with the instruction on the method for calculating damages, on the ground that it was not supported by evidence from which the jury could ascertain with reasonable certainty what plaintiff's earning capacity was, or the extent to which it had been diminished.

There was evidence that the plaintiff's ability to work was diminished after her injuries. The plaintiff testified that she had never worked at a job for wages, but that she had applied for a job at the pants factory in Toccoa and had been offered a trial at a sewing job that would have paid a dollar an hour for forty hours a week; that she was told she could have the job if she could "make production after the forty hours." The evidence does not show whether this offer to plaintiff was before or after her injuries or whether before her injuries she was capable of performing the job, though there is evidence that the plaintiff did sewing at home before her injuries and afterwards was unable to do anything. This was not sufficient evidence from which the jury could arrive at, estimate or infer the pecuniary value of plaintiff's earning capacity before her injury, and hence insufficient to determine the amount by which her earning capacity had been dimnished, even if we assume it was totally destroyed. ". . . Yet where a recovery is sought for pecuniary loss resulting from an impaired capacity to earn money, resulting from a physical injury, there must appear some data from which the jury can arrive at the pecuniary value of the injured person's earning capacity both before and after the

injury. . . While proof of the plaintiff's actual earnings, either before or after the injury, is not essential to the establishment of the value of the plaintiff's decreased earning capacity, there must nevertheless appear some evidence, either direct or circumstantial, tending to show what the plaintiff was capable of earning both before and after the injury. The mere fact that the plaintiff has suffered a physical injury, such as a sprained or fractured ankle, which might permanently impair her ability to walk or to enjoy the normal use of both feet, and that she is thereby prevented from performing the duties of her employment at the time of the injury, in the absence of any evidence either direct or circumstantial tending to show what the plaintiff earned in her .business, or other evidence from which the jury could estimate the pecuniary value of the plaintiff's earning capacity, either before or after the injury, even if sufficient to establish a diminished earning capacity as a result of the injury, is insufficient to establish its pecuniary value." *City of Atlanta v. Jolly*, 39 Ga. App. 282, 283 (146 SE 770); *City Council of Augusta v. Owens*, 111 Ga. 464, 480 (36 SE 830); *City of Atlanta v. Feeney*, 42 Ga. App. 135, 138 (155 SE 370); *Berry v. Jowers*, 59 Ga. App. 24 (200 SE 195); *Atlanta Coca-Cola Bottling Co. v. Deal*, 66 Ga. App. 211, 213 (17 SE2d 592); *Atlantic Co. v. Taylor*, 82 Ga. App. 361 (61 SE2d 204); *Railway Express Agency v. Mathis*, 83 Ga. App. 415, 421 (63 SE2d 921); *Nipper v. Collins*, 90 Ga. App. 827 (84 SE2d 497); *Southern Ry. Co. v. Daniell*, 102 Ga. App. 414, 422 (116 SE2d 529).

The charge complained of was not supported by sufficient evidence, and the overruling of special ground 5 was error. It therefore becomes unnecessary to pass on other contentions made by the defendants in this ground.

■ In special ground 4 the defendants complain of the whole of the above excerpt from the charge, contending, first, that it erroneously authorized an award of damages for "diminished capacity to labor as a separate and distinct item of damages"; and, second, that it authorized the jury to award damages of three types, for (1) pain and suffering, (2) loss of capacity to labor, and (3) loss of earning capacity, and thereby to award damages twice based on the effect of plaintiff's injuries on her ability to work and earn money.

■ In a few cases the courts have indicated that it was not harmful error, in the circumstances of these cases, for the court to fail to state specifically, in charging on diminished capacity to labor, that loss of capacity to labor is but an element of pain and suffering. *Atlanta Street Ry. Co. v. Jacobs,* 88 Ga. 647, 652 (15 SE 825) ; *Atlanta & West Point R. Co. v. Haralson,* 133 Ga. 231, 235 (65 SE 437). Here the trial court, by charging that the jury could find damages "for pain and suffering *and* the diminished capacity to labor," in effect authorized an award of damages for diminished capacity to labor as a separate and distinct item of damages. (Emphasis supplied.) Such a charge was error for the reason that the accurate and proper charge includes the instruction that loss of ability to labor is merely an element of pain and suffering. *Powell v. Augusta & Summerville R. Co.,* 77 Ga. 192, 200 (3 SE 757) ; *Wall Realty Co. v. Leslie,* 54 Ga. App. 560, 563 (188 SE 600) ; accord *Central of Ga. Ry. Co. v. Morgan,* 145 Ga. 656, 658 (89 SE 760) ; *City Council of Augusta v. Drawdy,* 75 Ga. App. 543, 547 (43 SE2d 569).

■ Defendants' second contention raised the question whether, as a matter of law, it is error to charge that an injured plaintiff has a right to recover damages for loss of capacity to *labor* to be determined from the jurors' enlightened conscience and also damages for loss of *earning* capacity determined from evidence sufficient to show some pecuniary value of earning capacity. Defendants cite *Jackson v. Co-op Cab Co.,* 102 Ga. App. 688, 692 (117 SE2d 627), to support the contention that it is error to charge that plaintiff can recover for both kinds of damages. That case merely holds that an allegation of a petition that the plaintiff "has suffered permanent diminution of earning capacity of at least 25% and is entitled to recover the sum of $15,000 because of the said diminution" is a conclusion subject to demurrer when "no facts are alleged, such as the plaintiff's earnings before the injury and his physical or other disability thereafter, upon which damages for loss of earning capacity could be predicated." The statement respecting *Jones v. Hutchins,* 101 Ga. App. 141 (113 SE2d 475), contained in the *Jackson* case does not appear to be necessary to the decision. *Jones v. Hutchins,* supra, on the present question, holds only

(headnote 2): "Where damages are sought as a result of physical injury for permanent impairment of earning capacity, an instruction on this issue is authorized where there is evidence of the plaintiff's earnings before the injury, the amount and nature of her work, the percentage of disability resulting from the injury, and the manner in which her earning capacity has been decreased as a result, and this is true although at the time of trial there is no evidence as to actual decreased earnings." The case contains this statement (p. 148): "There is only one *compensation* for permanent injury as related to ability to labor, earning capacity, or future lost earnings, but that one compensation in the majority of cases involves all three elements, and the elements are arrived at in a different manner because of the exigencies of the case." This statement does not mean that there may not be recovery for pain and suffering due to loss of ability to labor and loss of earning capacity resulting in pecuniary loss determined from sufficient evidence. It means that there can be only one aggregate compensation for (a) pain and suffering caused by loss of capacity to labor (i.e., enforced idleness, partial or complete), (b) decreased earning capacity resulting in pecuniary loss, and (c) loss of definite earnings that would have been received in the future but for the injury. Element (a) is determined from the jurors' enlightened conscience. Element (b) must be proved by evidence from which the jury can arrive at, estimate, or reasonably infer a pecuniary value for the loss. Element (c) is determined from evidence as to what plaintiff's actual future earnings would have been, e.g., a contract to work at a given salary for a certain period in the future. The aggregate of the amounts given for these three elements is the "one *compensation*." It is true that without proof of the types mentioned in (b) and/or (c) above, the only damages recoverable are for mental pain and suffering caused by a consciousness of the decreased capacity to labor. We might add that it would be a good practice for the trial court, to aid the jury in cases where more than one of these elements of damages is in issue, to make it clear by its charge that the total verdict may include damages for each of these elements in issue, but only once for each.

We recognize that there are some cases in which the courts have approved of including damages for decreased capacity to earn money as an element of pain and suffering to be measured by the enlightened conscience of impartial jurors, when there was, and because there was, no evidence from which a jury could determine a pecuniary value for loss of earning capacity. *Langran v. Hodges,* 60 Ga. App. 567 (4 SE2d 489) ; *City Council of Augusta v. Drawdy,* 75 Ga. App. 543, 549 (43 SE2d 569). From these cases it does not follow that, in a case where there is sufficient evidence to enable the jury to award damages for decrease in earning capacity it is not proper to award also damages for decreased capacity to labor as an element of pain and suffering. The law permits the verdict to include damages for both when supported by pleadings and evidence. *Rome Ry. &c. Co. v. Duke,* 26 Ga. App. 52, 54 (105 SE 386); cf. *West v. Moore,* 44 Ga. App. 214 (160 SE 811).

For the reason stated in subdivision 5(a) above, the over-ruling of ground 4 of defendant's motion for new trial was error.

■ In special ground 6 the defendants complain that the court in its charge stated to the jury the allegations contained in plaintiff's petition, and then in stating the substance of defendants' answer restated many of plaintiff's allegations, thus overemphasizing and impressing the jury with plaintiff's contentions and underemphasizing defendants' contentions. *Florence v. Byrd,* 28 Ga. App. 695 (113 SE 227) ; and *Southern Ry. Co. v. Ray,* 28 Ga. App. 792 (2) (113 SE 590), cited by the defendants, state that in the charge of the court "no essential contention of either party should be omitted." The defendants do not contend that the court omitted any contention from its charge. Following the part of the charge complained of, the court instructed the jury that they should look to the pleadings, which would be out with them, for the contentions of the parties, and then properly instructed the jury as to the burden of proof. This is just what the court did in *Southern Ry. Co. v. Ray,* supra, in which the charge discussed was held not error.

The court's charge in this case does not appear to favor the plaintiff's contentions or be prejudicial to the defendants as contended in ground 6. Therefore, this ground shows no error.

452

■ Turning now to the cross-bill of exceptions, it is contended by the plaintiff that the trial court erred in not sustaining his motion to dismiss defendants' motion for new trial for the reason that no brief of evidence was filed within thirty days of the rendition of the verdict nor was any order granted within said thirty-day period allowing defendants beyond thirty days in which to perfect their brief of evidence. The facts on this point are as follows: A motion for new trial was made at the January term, 1961, of Stephens Superior Court, on January 13, 1961 (one day subsequent to the verdict), by use of a so-called skeleton printed form setting out the usual three general grounds. On this same day the trial judge thereupon signed the first printed order form setting the hearing for the motion on February 23, 1961, and granting supersedeas. The second printed order form, which contained the usual language allowing movant additional time in which to perfect the brief of evidence, was left blank and unsigned. On February 23, 1961, and within the January term, 1961, of Stephens Superior Court, the plaintiff filed his motion to dismiss the defendants' motion for new trial on the grounds stated above. Thereupon, the defendants presented the court with a proposed form for nunc pro tunc order which would give defendants until February 23, 1961, or until a hearing was held, to prepare, file and present for approval a brief of evidence. After a hearing on these matters, the trial court on the same date entered an order nunc pro tunc, amending the rule nisi on the motion for new trial of January 13, 1961 and stated in the order: "Whereas, at the time said order was granted *it was the intention of the court* that said order contain a provision to the effect that the defendants, W. H. Hunt and George Thomas Simmons, should have until 11:00 o'clock a.m. on February 23, 1961, or until the hearing on said motion, whenever it may be, in which to make out, complete, and file a brief of the testimony in said case, which provision *through inadvertence, oversight, and error was omitted* from the undersigned on January 13, 1961; and, Whereas, the order granted should be amended, nunc pro tunc, so as to insert in said order the provisions which through oversight and inadvertence were omitted, and so that the order as amended will be conformable to law and

justice and will *make said order conform to the truth."* (Emphasis supplied.)

Prior to 1947 a brief of evidence was indispensable to a motion for new trial. However, even under the new law (Ga. L. 1947, p. 298), where all the assignments of error raised in the motion for new trial or amendments thereto require consideration of the evidence, a brief of the evidence is essential to the motion and in its absence, neither the trial court nor this court will consider those alleged errors which necessitate a consideration of the evidence. *Welfare Finance Co. v. Corbin,* 91 Ga. App. 485 (85 SE2d 819). See Leverett, Hall, Christopher, Georgia Procedure & Practice § 22-7.

In *Southern Ry. Co. v. Jay,* 137 Ga. 60 (72 SE 503) the trial judge in his original order on the motion for new trial and within the time allowed by the law set the hearing on the motion for new trial for a specified time (several months in the future) and gave movant until that date to prepare and present for approval a brief of the evidence. When the motion came up for hearing on this date (October 17th), an order was passed continuing the motion until a future date (October 29th) stating "that the court reporter has been unable to write out the evidence taken on the trial." On October 29th the party opposing the motion for new trial moved to dismiss this motion because there was no authority in the order of October 17th giving the movant until the October 29th hearing to present a brief of the evidence. The movant moved to amend the order nunc pro tunc and supply such authority. The former motion was overruled; the latter motion was granted with the following language being stated by the trial judge in the bill of exceptions: "The court did this because, as he stated at the time, that he *intended* to put in the order when he signed it the right to movant to have until October 29, 1910, to present the brief for approval." (Emphasis supplied.) The Supreme Court of Georgia held that the trial court did not err in entering the order nunc pro tunc nor in refusing to dismiss the motion for a new trial.

The trial judge in this case stated in his nunc pro tunc order that it was the court's "intention" that the order entered January 13, 1961, on the defendants' motion for new trial contain a

454

provision that the defendants have until February 23, 1961, or until the hearing on said motion, in which to file a brief of evidence, "which provision through inadvertence, oversight, and error was omitted." The clear intendment of the court's order nunc pro tunc was that at the time the rule nisi was issued the court did in fact grant the extension of time to prepare and file a brief of evidence but failed to properly record this action. We are of the opinion that the trial court did not err in this case by entering the order nunc pro tunc nor in refusing to dismiss the motion for a new trial. A nunc pro tunc entry signifies "now for then," and "is granted to answer the purposes of justice." *Truett v. Justices,* 20 Ga. 102. While an entry nunc pro tunc cannot be made to serve the office of supplying non-action on the part of the court, it may be used for the purpose of recording action previously taken on the part of the court which will take effect as of the former date. *Chandler v. Hammett,* 73 Ga. App. 325 (36 SE 2d 184).

On the main bill of exceptions for the reasons stated in divisions 4 and 5 the judgment must be reversed.

On the cross-bill of exceptions the judgment is affirmed.

*Judgment reversed on main bill of exceptions; judgment on cross-bill affirmed. Felton, C. J., and Bell, J., concur.*