22622. WILLIAMS v. COLONIAL PIPELINE COMPANY.

Argued October 12, 1964—Decided November 5, 1964.

*Merritt & Pruitt, Glyndon C. Pruitt,* for plaintiff in error.
*Webb & Fowler,* contra.

MOBLEY, Justice. 1. The Court of Appeals, assuming without deciding that the testimony was admissible, held that the court did not commit harmful error in excluding it "for the reason that the condemnee presented four other witnesses who testified as to their opinions of the condemnee's damages and the opinion excluded was within the range of the valuations placed on the property by these four witnesses."

The Court of Appeals in support of its ruling cited *Eberhardt v. Bennett,* 163 Ga. 796, 803 (137 SE 64) ; *Southern R. Co. v. Garner,* 101 Ga. App. 371 (114 SE2d 211) ; *Turner v. State,* 43 Ga. App. 799, 813 (160 SE 509) ; *Hunt v. Williams,* 104 Ga. App. 442, 445 (122 SE2d 149). However, the only case of this court cited, *Eberhardt v. Bennett,* supra, and the case of *Hunt v. Williams,* supra, are not authority for their ruling, for in each of these cases the court held it was not reversible error to exclude testimony of a witness, when that same witness was later permitted to give the same or even stronger testimony than that excluded. That is a well settled principle of law. *Southern R. Co. v. Ward,* 131 Ga. 21 (4) (61 SE 913) ; *Eberhardt v. Bennett,* 163 Ga. 796 (2), supra. However, that is quite different from holding that it is not error to exclude testimony of a witness as to value, because other witnesses gave testimony substantially the same as that excluded, for in the first instance the testimony of the witness is in evidence even though at first excluded, and the exclusion could not possibly be harmful. In the second instance, which we have here, the jury might not believe the testimony of the witnesses who testified, but because of confidence in his judgment or for any reason satisfactory to them, they might have believed the testimony of the witness whose testimony was excluded, had he been permitted to testify.

Furthermore, the jury in determining where the preponderance of the evidence lies may consider the number of witnesses, though the preponderance is not necessarily with the greater number. *Code* § 38-107. Thus they might have in this case decided that the preponderance of the evidence lay with five witnesses, if the witness had been permitted to testify, and would not have with only four. For this reason alone the court cannot say that the exclusion of the testimony was harmless.

Counsel have cited no case and we find none from this court on this precise question. However, it is the general rule in this country that the trial court may not limit the number of witnesses to a main, controlling and controverted fact or issue, 88 CJS 202, Trial, § 92b, and it has been held that the court may not limit the number of witnesses where a material issue is value of land, or damages or mental capacity. See citations in CJS, supra. "So long as facts testified to by a party are not conclusively established or admitted, they are open to further proof, and it is error to exclude evidence on the ground that it is cumulative." 53 Am. Jur. 94, Trial, § 106.

This court in *Walker v. Walker*, 14 Ga. 242 (6), held: "It should require a very strong case of threatened evil, to justify a Court in preventing a party from giving additional confirmatory, cumulative and corroborative evidence, either of facts previously proved, or which tends to strengthen, add force or probability to such evidence." See also *American Cotton College v. Atlanta Newspaper Union*, 138 Ga. 147 (2a) (74 SE 1084), where it was held that the plaintiff was not obliged to rest on the introduction of a single specimen of letterheads, but could introduce several of like character.

The sole question in this case was the value of the property taken and the amount of consequential damages. The issue was highly controverted and the evidence as to value very conflicting. Where, as here, the question is value, which must be established by opinion evidence, and the evidence is highly conflicting, the court cannot say that the exclusion of testimony of a witness on that issue was harmless error because four other witnesses had placed the value within the range of that excluded.

*Judgment reversed. All the Justices concur.*