Opinion by
Jacobs, J.,
Wife-appellee petitioned the lower court for an order of support for herself only against her husband, the appellant. A hearing was held before Judge Stern and was continued by agreement. The ease was then heard by Judge Gutowicz who made an order in favor of the wife.
*96 The sole question raised by the appellant is whether Judge Gutowicz abused his discretion in refusing to let the twenty-two year old emancipated son of the parties testify as a witness in behalf of the father.
At the hearing before Judge Gutowicz the appellant contested his wife’s right to support. The judge requested the parties to confine their testimony to liability in order that he might decide that question before he heard any testimony bearing on the amount of the order. The only testimony received was that of the wife and the husband. The husband attempted to show that he had been forced to leave the joint home of the parties on a certain day and that his wife was therefore guilty of constructive desertion relieving him of his liability to support her. At the end of the husband’s testimony his attorney told the court that he had one more witness on the issue of liability, namely, the twenty-two year old son of the parties who, apparently, was present in the courtroom. The husband’s attorney told the judge that the son was a witness to what occurred on the day the husband left the home. The judge refused to let the son testify, to which action an exception was taken. Following such refusal the judge found the wife entitled to support.
In his opinion Judge Gutowicz stated that he refused to permit the son to testify because the father’s testimony revealed “insubstantial grounds”, the son’s testimony was of “marginal value” and such testimony would further divide the family. These reasons are not sufficient to support the judge’s action.
The son was a competent witness. As then Judge, now Justice, Musmanno said in Knapp v. Knapp, 90 P. L. J. 263, 266 (1942), “(t)he child of an estranged couple is certainly privileged to testify against either spouse.”[1] In refusing to hear the son’s testimony the *97 lower court was exercising its broad discretionary power over tbe conduct of tbe trial. See Pa. R. C. P. No. 223. However, the lower court has offered no persuasive reason for its ruling. That appellant’s testimony in itself did not convince the hearing judge that appellee was guilty of constructive desertion did not preclude another less interested witness from testifying to facts which appellant may have been reluctant to discuss or unable to recall. Because his testimony was “insubstantial” was precisely the reason why appellant needed the testimony of this witness. Furthermore, without requesting at least an offer of proof, the court had no basis for concluding that the son’s testimony was of marginal value.
Our appellate courts have sustained the trial court’s power to limit the number of witnesses on a particular phase of a case after a reasonable number have been called. Ries v. Ries’s Estate, 322 Pa. 211, 185 Atl. 288 (1936); Commonwealth v. Gibbons and Rosenberry, 3 Pa. Superior Ct. 408 (1897). However, what is a reasonable number depends on the facts of the case. If the exclusion of further testimony injures appellant the court has abused its discretion. Thus, in Duffy v. Griffith, 134 Pa. Superior Ct. 447, 4 A. 2d 170 (1939), we held it was error to exclude witnesses on appellant’s condition prior to the accident in suit, when the witnesses up to that point, with one exception, all had some interest in the case. In Duffy, appellant was injured by being deprived of additional testimony which would have tended to strengthen evidence already presented.[2] A fortiori, the present ruling is in error. This *98 appellant has been deprived of the testimony of the only witness offered to support his testimony. His own interest in the issue affects the weight of his testimony, which stands alone, and emphasizes the necessity for judicial tolerance of further proffered testimony.
The ruling of the trial court in this case has exceeded the discretionary power of the trial judge to control the procedure in his court. In the absence of statutory limitation his power “is only limited by the constitutional requirements of the right of trial by jury, and the litigant’s right to a full and fair hearing before judgment is entered against him.” First Nat’l Bank of Pittsburgh v. Baird, 300 Pa. 92, 101, 150 Atl. 165, 169 (1930). Refusal to allow testimony by the only witness other than the contestants was a denial of a full and fair hearing to the husband and constituted an abuse of judicial discretion.
Appellee argues that the appellant could not question his liability for support at the hearing before Judge Gutowicz because his attorney stated at the hearing before Judge Steen that liability was not at issue. This argument is without merit. Appellee claims no agreement between the parties or any reliance on the statement which might rise to an estoppel. No support order was entered in the proceeding before Judge Steen. The hearing was continued to discuss settlement. Both parties agree in their briefs that the proceeding before Judge Gutowicz was de novo. Since the hearing started anew the testimony before Judge Steen was no part of the case and the appellant was free to raise the issue of liability.
Order reversed and a new hearing granted.

 This court in Knapp v. Knapp, 152 Pa. Superior Ct. 412, 33 A. 2d 88 (1943), recognized the competency of such child to testify, but reversed on other grounds.

 See also Commonwealth v. Streuber, 185 Pa. Superior Ct. 369, 137 A. 2d 825 (1958), a criminal case wherein the defendant was permitted to call only one character witness. In reversing the conviction we noted that “while the trial judge may limit the number of character witnesses called to testify, this limitation cannot be applied to the calling of one witness.” Id. at 373, 137 A. 2d at 827.