Anne M. Floyd, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 14, 1979, before Judges CRUM-LISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*George R. Price, Jr.,* with him *Walter Perry,* for petitioner.

*Catherine Stewart,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, November 16, 1979:

Petitioner Anne M. Floyd appeals from the July 24, 1978 decision of the Hearing and Appeals Unit of the Department of Public Welfare (DPW), which affirmed the decision of the Lycoming County Board of Assistance (CBA) requiring petitioner to execute form PA-9, acknowledging liability of real property for reimbursement, as a condition of continued receipt of Aid to Families with Dependent Children (AFDC) category of assistance.

Petitioner has been receiving AFDC, on her own behalf and that of her two minor children, since before 1974. Early in 1978, CBA learned that petitioner

had acquired an interest in real estate by entering into a contract of sale for a house in Williamsport; CBA then informed petitioner that acknowledgement of a reimbursement lien against her interest, established by executing and recording form PA-9, would be required as a condition of continued AFDC.

In February, 1978, petitioner executed form PA-9, establishing a $5,000 lien against her interest; in April, 1978, CBA requested execution of a second PA-9 form, maintaining that she had received AFDC in excess of $5,000 since acquiring her interest in the house. She declined to execute the second PA-9, asserting that she acquired her interest only in the fall of 1977, and that she had not received in excess of $5,000 since that time.

The parties agree that the purchaser under a contract of sale, as used for an installment purchase, obtains a legally cognizable interest in the property. "From the moment an agreement of sale of real estate is executed and delivered it vests in the grantee what is known as an equitable title to the real estate." *Payne v. Clark*, 409 Pa. 557, 561, 187 A.2d 769, 770 (1963). Also undisputed is the fact that the articles of agreement by which petitioner acquired her interest bear the date October 29, 1975, and that they were recorded September 27, 1977.

Under 55 Pa. Code, §257.24(c)(2)(ii), such equitable interests are treated in the same manner as are the legal titles of grantees of deeds to real estate, *i.e.*, both types of interest are subject to liability for reimbursement of assistance. According to 55 Pa. Code, §257.21(c)(3), liability of property for reimbursement "begins with the first assistance payment following the acquisition of property or a right to property."

The crux of this appeal is the sufficiency of the DPW hearing examiner's findings. Particularly

questioned is the examiner's fourth finding, which reads:

The Appellant obtained ownership of her residence, 710 Park Avenue, Williamsport, Pennsylvania, with Articles of Agreement dated October 29, 1975, which were recorded on September 27, 1977.

No other finding relates to the date of petitioner's acquisition of her interest.

Based on the established principle that recitals of dates in documents are not necessarily conclusive, see, *Davis v. Cauffiel*, 287 Pa. 420, 135 A. 107 (1926), petitioner contends that the quoted finding is not equivalent to a finding that the agreement was in fact entered into October 29, 1975. We hold that the finding, though not phrased as precisely as it may have been, is specific enough, because it is clarified by the examiner's comment, in his discussion, on petitioner's attempt to controvert the recited date. There the examiner stated: "The appellant contends the Articles of Agreement were not signed October 29, 1975, but offered no evidence to support this contention." That discussion makes clear that the examiner, although cognizant of petitioner's claim, definitely found her evidence insufficient to outweigh the recited date.

"On review, we can only examine the record to determine whether it contains substantial evidence to support the findings made and adjudication rendered. The fact finder must resolve conflicts in testimony and is not required to accept the testimony of any witness, and it is not the function of a reviewing court to weigh conflicting testimony or to judge the weight and credibility of the evidence." *Palmer v. Department of Public Welfare*, 5 Pa. Commonwealth Ct. 407, 413, 291 A.2d 313, 317 (1972).

We cannot say as a matter of law that the findings of the examiner are not supported by substantial evidence; therefore, we affirm the denial of petitioner's appeal rendered by DPW.

### ORDER

AND Now, this 16th day of November, 1979, the July 24, 1978 decision of the Hearing and Appeals Unit of the Department of Public Welfare is affirmed.