Ramon L. Posel et al. *v.* Redevelopment Authority of the City of Philadelphia. John Taxin and Bookbinder's, Inc., Appellants.

Argued December 15, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Lester J. Schaffer*, with him *William E. Taylor, III*, of counsel: *Blank, Rome, Comisky and McCauley*, for appellants.

*Stewart Dalzell, Robert J. Hoelscher, Drinker, Biddle & Reath*, for appellees.

OPINION BY JUDGE DOYLE, February 16, 1983:

This case comes to us on an appeal by John Taxin and Bookbinder's Restaurant, Inc. (Taxin) from two orders of the Court of Common Pleas of Philadelphia County.[1] One order denied Taxin's petition to intervene in an equitable action brought by Ramon L. Posel and Sidney L. Posel, t/a Posel Partnership (Posel) against the Redevelopment Authority of the City of Philadelphia (RDA). The other order entered a final decree in that equitable action which, *inter alia*, effectively enjoined RDA from conveying a parcel of land

---

[1] Posel argues that Taxin's appeal of both orders in a single appeal is improper and the appeal should be quashed, or the appeal limited to review of the order denying intervention. We point out that Posel has made no motion to this Court to quash the appeal or any part of it, but recognize that a single appeal from more than one order is a practice expressly disapproved. *General Electric Credit Corp. v. Aetna Casualty Surety Co.*, 437 Pa. 463, 263 A.2d 448 (1970). In some circumstances, however, the practice is permitted. *Id., see also Philadelphia Federation of Teachers v. Board of Education*, 458 Pa. 342, 346 n. 5, 327 A.2d 47, 50 n. 5 (1974). Because of our disposition of this appeal, however, we need not address the issue further.

to Taxin, for which Taxin and RDA had entered into an agreement of sale.

The relevant facts are as follows: A tract of land located in the Society Hill section of Philadelphia and known as Parcel A-4 in the Washington Square East Urban Renewal Area, Unit No. 1, had been designated for commercial use under the City's Urban Renewal Plan for a number of years but remained undeveloped except as a parking lot operated by the City Parking Authority. The parcel is roughly 2.4 acres in size and is bounded by Front, Walnut, Second, Dock and New Dock Streets. Across Walnut Street from the parcel is Bookbinder's Restaurant, in which Taxin has an interest. Commercial property redeveloped by Posel is located in the same project area, adjacent to parcel A-4 across Second Street.

During 1978, Taxin attempted to secure a portion of the parcel for exclusive valet parking for Bookbinder's Restaurant. A subdivision was proposed to RDA to sever a sixty-five to seventy-one foot strip along Walnut Street to be conveyed to Taxin and his associates for the parking they desired. In addition, the proposal called for redesignation of the remainder of the parcel for mixed-residential rather than commercial development.

It appears from the record that pursuant to this proposal RDA entered into an agreement with Taxin for the conveyance of the subdivided portion along Walnut Street (parcel A-4-1) at a price of $322,000.00, subject to the requisite approval by the Planning Commission and City Council. At the same time, RDA set in motion the redesignation of land use for the rest of the parcel (parcel A-4-2) by amendment of the Urban Renewal Plan (Plan). The redesignation is known as the "Sixth Amendment." City Council ultimately approved the contract on October 18, 1979 by Resolution No. 556. The redesignation of land use for parcel

A-4-2 was approved by City Council on August 14, 1979.

The City's Urban Renewal Plan provides, in section F, that any amendment or modification of the Plan is subject to the written consent of other redevelopers in the project area who are adversely affected.[2] On January 31, 1979, Posel advised the RDA that it would not consent to the Sixth Amendment. RDA adopted the amendment anyway on March 8, 1979 and Posel instituted this lawsuit challenging the validity of adoption of the Sixth Amendment over Posel's written objection, and seeking equitable relief enjoining its implementation. The Complaint also sought an injunction against RDA from any conveyance or transfer of title of the A-4 parcel or any part of it.

The litigation proceeded, with Taxin represented at hearings and at depositions taken in the case but not participating as a party, to the grant of a preliminary injunction on December 26, 1979. RDA appealed the order but withdrew its appeal on April 1, 1980. From then until September, 1981, a final hearing on the relief granted was held in abeyance by agreement of the parties in which Taxin acquiesced. In September 1981, Posel and RDA agreed to the waiver of a final hearing and the entry of a final decree making the preliminary injunction permanent. Thereafter, Taxin filed a formal petition to intervene. Intervention was denied as untimely and this appeal followed. Taxin also challenges the validity of the final decree.

---

[2] Section F provides:

This Plan may be modified by the Redevelopment Authority of the City of Philadelphia subject to the review of the City Planning Commission and the approval of the City Council, provided that, if modified after disposition of any land in the project area, the modification must be consented to in writing by the redeveloper and his assigns if adversely affected by the proposed modification.

We are distressed by the posture in which this case reaches our Court. We do not understand how this litigation has proceeded to this point without joinder of Taxin as a party defendant. According to the record, RDA and Taxin had contracted for the conveyance of the subdivided parcel, which contract was approved by City Council. The Complaint filed by Posel, while not naming Taxin, requested specific relief against just such a conveyance. The relief requested and the injunction ultimately granted thus clearly affected Taxin's property interest under its contract with RDA.[3] It is fundamental that a court in equity cannot grant relief without the joinder of all indispensable parties. *Reifsnyder v. Pittsburgh Outdoor Advertising Co.*, 396 Pa. 320, 152 A.2d 894 (1959); *Powell v. Shepard*, 381 Pa. 405, 113 A.2d 261 (1955); *Hartley v. Langkamp and Elder*, 243 Pa. 550, 90 A. 402 (1914). A party is indispensable when his rights are so connected with the claims of the litigants that no decree can be fashioned between them without impairing those rights. *Reifsnyder, Hartley.*

---

[3] The injunctive order provides, in pertinent part:

2.  Since plaintiff does not consent to it, the Sixth Amendment and any conveyance of land made pursuant thereto (including, without limitation, to John Taxin or to any person or entity in any way controlled by him), is null, void, and without legal effect.

3.  Defendant, the Redevelopment Authority of the City of Philadelphia, and all acting by, through, or under its authority, are hereby restrained and enjoined from making any sale, lease, or other bargain, grant, or conveyance to any person, corporation, partnership, firm or other entity, of any part, or all, of Parcel A-4 of Unit No. 1 of the Washington Square East Urban Renewal Area of the City of Philadelphia pursuant to, or by virtue of, the Sixth Amendment or any other Amendment, modification, resolution or act pertaining to the Plan which would adversely affect plaintiff.

In *Mechanicsburg Area School District v. Kline*, 494 Pa. 476, 431 A.2d 953 (1981), our Supreme Court articulated some of the questions to be considered in the determination of indispensable parties:

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

*Id.* at 481, 431 A.2d at 956. The facts before us show, under the first consideration, that Taxin's rights are clearly *related* to Posel's claim; the parcel in which Taxin has an interest is part of the larger parcel which is the subject of Posel's lawsuit. Under the second consideration, we note that Taxin's interest is in the *nature* of an interest in property; specifically, he may claim equitable title to the subdivided parcel by virtue of the agreement to convey with RDA.[4] With regard to the third consideration, the Supreme Court has explained: "The concept of essentiality has been employed in this Commonwealth through the principle of connection." *Id.* at 483, 431 A.2d at 957. That is, "an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights...." *Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 464 Pa. 377, 379, 346 A.2d 788, 789 (1975)

---

[4] Execution of a contract for the sale of realty vests equitable title to the realty in the purchaser. *Payne v. Clark*, 409 Pa. 557, 187 A.2d 769 (1963); *Floyd v. Department of Public Welfare*, 47 Pa. Commonwealth Ct. 338, 407 A.2d 1388 (1979). The seller retains legal title only as a security against the purchase price. *Yannopoulos v. Sophos*, 243 Pa. Superior Ct. 454, 365 A.2d 1312 (1976).

(quoted in *Mechanicsburg*, 494 Pa. at 483, 431 A.2d at 957). The relief requested by Posel and granted by the court directly precluded performance of the Taxin/RDA contract; Taxin's rights were thus *directly* connected with the litigation, were adverse to those of RDA,[5] and were obviously not protected by RDA's capitulation in the suit. Finally, with regard to due process, we note that if the court's decree is permitted to stand, Taxin will have lost valuable rights to property under the agreement with RDA without having had the opportunity to defend those rights as a participant in the litigation.

The procedural setting in which this case reaches us does not control our disposition on appeal. "The absence of indispensable parties 'goes absolutely to the jurisdiction, and without their presence the court can grant no relief.' " *Powell*, 381 Pa. at 412, 113 A.2d at 264 (quoting *Hartley*, 243 Pa. at 550, 90 A. at 404). This objection to the court's jurisdiction may be raised at any time in the proceedings and, if not raised by the parties, should be raised *sua sponte*. *Tigue v. Basalyga*, 451 Pa. 436, 304 A.2d 119 (1973); *Hartley*. Without the joinder of Taxin as a party, the court of common pleas was without jurisdiction to enter the decree and must therefore be reversed.

In remanding this case to the trial court for final hearing, we take note of Taxin's representation at earlier proceedings and his reliance on the defense of the Sixth Amendment's validity by RDA. The substantive issues he raises on appeal involve the validity of his agreement with RDA and questions of whether the subdivision of parcel A-4-1 and the agreed conveyance

---

[5] The record indicates that Posel at one point offered to purchase the subdivided parcel for $400,000.00. The record also shows that RDA has been advertising the entire A-4 parcel for development as a hotel or motel. Clearly, both these options would be more lucrative for RDA to pursue than the conveyance to Taxin.

should be considered part of the Sixth Amendment. The trial court enjoys a broad discretion to control the course of the proceeding. *Thompson v. American Steel & Wire Co.*, 317 Pa. 7, 175 A. 541 (1935); *First National Bank of Pittsburgh v. Baird*, 300 Pa. 92, 150 A. 165 (1930); *Commonwealth, ex rel. Amoroso v. Amoroso*, 212 Pa. Superior Ct. 94, 239 A.2d 878 (1968). We think the interest of Taxin can be protected without further protracted litigation of issues not relevant to his defense against Posel's requested relief.

ORDER

Now, February 16, 1983, the orders of the Court of Common Pleas of Philadelphia County in the above referenced matter are reversed and the case is remanded for further proceedings consistent with this opinion.