**Arthur W. BRADLEY, Appellant,**

v.

**Brian J. JOHNSON, et al., Appellees.**

**No. 81–403.**

District of Columbia Court of Appeals.

Submitted May 25, 1983.

Decided June 29, 1983.

Arthur W. Bradley, pro se.

Brian J. Johnson, pro se for appellees.

Before FERREN and TERRY, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

Appellant's daughter, while driving his automobile, was involved in a traffic accident with appellee Humphries [1] at the intersection of 18th Street and Park Road, N.W. Humphries apparently was alone; two passengers were in appellant's car. Appellant filed suit in the Small Claims and Conciliation Branch of the Superior Court seeking $198.96 for property damage. At trial, appellant's daughter and Humphries testified. Not surprisingly, these two witnesses gave different accounts of the accident. Appellant's daughter's testimony and exhibits tended to show that she was turning left from the left lane when Humphries, traveling behind her, drove over the center line, attempted to pass, and hit her on the left. Appellees, on the other hand, contended that Humphries was properly in the left lane when appellant's daughter turned left from the right lane, precipitating the accident. (Traffic proceeds west in two lanes at the intersection.)

---

1. Appellees Johnson owned the automobile that Humphries was driving.

Appellant was not permitted to present any witness other than his daughter. Specifically, appellant desired to elicit testimony from one of the passengers in his car who presumably was an eyewitness and could provide additional information about whether appellant's daughter was turning from the right or the left lane. Based upon "the testimony of the driver of the plaintiff's car and the driver of the defendant's car," the trial court "felt and still does that it did not need any further testimony regarding the issue of liability." The trial court, without commenting on the conflict in the evidence, found that appellant's daughter turned left from "the right lane into the defendant's lane." The trial court entered judgment for appellees, finding that appellant's daughter was contributorily negligent.

We are aware that Superior Court Small Claims Rule 12(b) authorizes the judge to "conduct the trial in such manner as to do substantial justice between the parties according to the rules of substantive law, and not [to] be bound by the provisions or rules of practice, procedure, pleading or evidence . . . ." This liberal rule of procedure is intended to give the Small Claims court flexibility to resolve questions before it expeditiously and to eliminate procedural barriers that may hinder parties without counsel. *Management Partnership, Inc., v. Crumlin,* 423 A.2d 939, 941 (D.C.1980). We will reverse, however, when the trial court's broad discretion to determine the substance, form, and quantum of evidence interferes with substantive rules or principles of law. *Id.* at 941; *cf. Johnson v. United States,* 452 A.2d 959, 960 (D.C.1982) (trial court's determination of evidence to be presented to jury is reviewed for abuse of broad discretion).

In this instance, the trial court abused its discretion in limiting each party to one witness when it is apparent that at least one other eyewitness was available

and willing to testify to the main issue: from which lane appellant's daughter was turning. We have no doubt that a party's right to call witnesses who can testify to the main facts in actual dispute, although only an evidentiary right, is of such significance that it cannot be denied completely. In some jurisdictions, the trial court may not limit the number of witnesses to a main, controlling, and controverted fact or issue. *See, e.g., Stokes v. Bryan,* 42 Ala. App. 120, 122, 154 So.2d 754, 756 (1963); *J.H. Williams v. Colonial Pipeline Co.,* 220 Ga. 381, 383, 139 S.E.2d 308, 310 (1964); *see generally* Annot., 5 A.L.R.3d 169 (1966). While we are not prepared to say that the trial judge in Small Claims court may not limit the number of eyewitnesses to testify, we conclude the trial court abused its discretion in depriving appellant of the testimony of the only witness offered to support his driver's testimony. *See Commonwealth ex rel. Amoroso v. Amoroso,* 212 Pa.Super. 94, 98, 239 A.2d 878, 880 (1968) ("Refusal to allow testimony by the only witness other than the contestants was a denial of a full and fair hearing to [appellant] and constituted an abuse of judicial discretion").

Accordingly, we reverse and remand this case to afford appellant a full and fair opportunity to present his case.[2]

*Reversed and remanded for further proceedings.*

**2.** Appellant also asserts that he was not able to obtain necessary information from appellees "regarding the incident or insurance coverage." Under Super.Ct.Sm.Cl.R. 10, the court may authorize discovery pursuant to the court's rules of civil procedure.