**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3244
_____

DWAYNE L. RIECO;
HERIBERTO RODRIQUEZ

v.

CAROL A. SCIRE, Grievance Coordinator;
MR. CAPOZZA, Facility Manager

Dwayne L. Rieco,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-13-cv-01360)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 18, 2016
Before:  GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: January 3, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not onstitute binding precedent.

Dwayne Rieco, a Pennsylvania state prisoner proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his civil rights action. For the reasons that follow, we will affirm the judgment of the District Court.

Rieco filed a complaint against Carol Scire, a grievance coordinator at SCI-Pittsburgh, and Mr. Cappozza, a facility manager at the same institution. Rieco alleged that Scire had failed to assign his grievances a grievance tracking number in violation of prison policy. He stated that he had submitted nineteen grievances, that Scire had only assigned one a grievance number, and that she had told him that she would not process those that were in the form of a declaration. Rieco also alleged that grievance numbers were assigned to other grievances that he submitted but that grievance procedures were violated in other ways. Rieco averred that Cappozza "delayed exhaustion" of his remedies by failing to either respond to his appeals or provide a timely response. He claimed violations of his rights to access to the courts, due process, and equal protection based on the defendants' obstruction of the prison's grievance procedures.

The defendants moved to dismiss the complaint for failure to state a claim upon which relief may be granted. They asserted that Rieco's allegations that they violated prison grievance procedures did not support a constitutional violation. Rieco opposed the motion and reiterated that Scire's refusal to process his grievances and assign them a number violated his First and Fourteenth Amendment rights.

The District Court adopted the Magistrate Judge's report and recommendation to grant the defendants' motion to dismiss. The District Court concluded that Rieco failed to state an access to the courts claim because he had not alleged that he was prevented from litigating a potentially meritorious claim. The District Court also concluded that Rieco's allegations that the defendants obstructed the grievance procedures did not state a due process claim because inmates do not have a constitutionally-protected right to a prison grievance system. The District Court dismissed the complaint with prejudice because it appeared that granting Rieco leave to amend his claims would be futile. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Newman v. Beard, 617 F.3d 775, 779 (3d Cir. 2010).

We find no error in the District Court's ruling that Rieco fails to state a due process claim as a matter of law based on the defendants' alleged failure to address his grievances or otherwise comply with the prison's grievance procedures. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases providing that a prison grievance procedure does not confer a constitutionally-protected interest).

We also agree with the District Court that Rieco's complaint fails to state a First Amendment access to the courts claim. Rieco must identify a non-frivolous, arguable claim that he is unable to bring or has lost as a result of the defendants' conduct. Christopher v. Harbury, 536 U.S. 403, 414-15 (2002). Rieco's complaint does not identify such a claim. The District Court was required to afford Rieco an opportunity to

3

amend his complaint unless allowing amendment would be futile or inequitable. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The District Court did not allow Rieco to amend his complaint because amendment appeared to be futile.

Rieco asserted in his objections to the Magistrate Judge's report, and asserts in his brief on appeal, that he submitted a grievance based on the illegal seizure of his legal papers, that the grievance was not assigned a number, and that his legal papers were needed to pursue a habeas petition asserting his factual innocence in connection with his criminal conviction. He states that a habeas petition is now time-barred. Rieco has not shown that he has a non-frivolous, arguable claim of factual innocence. Moreover, any inability to file a timely habeas petition was caused by the loss of Rieco's legal papers, not by the defendants' failure to address his grievance. To the extent Rieco also asserts that the defendants' failure to address his grievances has prevented him from exhausting his administrative remedies related to his conditions of confinement and bringing a civil rights action, Rieco similarly does not sufficiently identify an arguable underlying claim that has been frustrated. We conclude that the District Court did not err in dismissing Rieco's access to the courts claim without affording him leave to amend his complaint.

Rieco also appears to contend that he should be permitted to amend his complaint to state an Eighth Amendment claim against Scire because she was deliberately indifferent to, and failed to protect him from, the harm alleged in his grievances, including deprivation of food and threats by prison staff. Rieco, however, does not contend that Scire knew or should have known of the alleged harm other than from his

grievances.  He has not shown that he can state an Eighth Amendment claim against

Scire.  See Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988) (transmission of

grievance to state governor's office is insufficient to show governor's actual knowledge

of alleged harm).  Finally, to the extent Rieco contends that his right to equal protection

was violated, he has not stated a claim for relief or shown that amendment of his

complaint is warranted.

Accordingly, we will affirm the judgment of the District Court.