IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce A. Quarles,              :
            Appellant         :
                                  :
            v.               : No. 389 C.D. 2018
                                  : Submitted: November 9, 2018
Gary Knapp, Dorina Varner    :
and Mike Wenerowicz         :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: February 21, 2019

       Bruce A. Quarles, *pro se*, appeals three orders of the Court of Common Pleas of Montgomery County (trial court). In 2014, Quarles filed a civil rights complaint (Complaint) against Gary Knapp, a corrections officer; Mike Wenerowicz, the facility manager; and Dorina Varner, Chief Grievance Officer (collectively, DOC Employees). The matter arose from a grievance Quarles filed at the State Correctional Institution (SCI) at Graterford to challenge the prison's refusal to allow his wife to visit him. The Complaint asserted that DOC Employees' handling of his grievance violated his rights under the United States and Pennsylvania Constitutions. The trial court granted DOC Employees' motion for judgment on the pleadings and dismissed Quarles' civil rights complaint. Ancillary thereto, the trial court denied Quarles' motion to sanction the Montgomery County Sheriff and denied Quarles' motion to sanction DOC Employees for not responding to Quarles' written interrogatories in a timely fashion. Quarles contends that the trial court erred and abused its discretion.

## The Complaint

In 2013, Quarles[1] filed a grievance that a "dyke-type homosexual officer made an inappropriate comment to [his] wife about [her] panties while searching and processing her for a visit that was construed by [Quarles] to have been a sexually suggestive comment." Complaint ¶21, at 3. The grievance requested that the officer be reprimanded and be prohibited from searching his wife on future visits.

The Complaint states that inmate grievances filed at SCI-Graterford must "be courteous" and can be dismissed for lack of courtesy. Complaint ¶¶12-13 at 2. The Facility Grievance Coordinator accepted Quarles' grievance and appointed Knapp to serve as the grievance officer. Although the grievance was accepted, Knapp took issue with the words "dyke" and "homosexual" and dismissed the grievance without addressing the merits. Complaint ¶¶23-24, at 3-4. Quarles appealed Knapp's dismissal of his grievance. The appeal was assigned to Wenerowicz, who affirmed Knapp's decision. Quarles filed another appeal, which was assigned to Varner, who agreed with Wenerowicz that the grievance was not courteous and dismissed the appeal. Varner stated that any future grievances had to be composed in a courteous manner.

The Complaint asserts three causes of action and makes the identical claim against all three DOC Employees. The Complaint contends that by not correcting the problem that prompted Quarles' grievance, DOC Employees violated his right to equal protection under the Fourteenth Amendment to the United States

---

[1] In 1984, Quarles was convicted of second-degree murder, criminal conspiracy and robbery and sentenced to life imprisonment.

Constitution "to be protected in his First Amendment right"[2] and his right to due process under Article I, Section 20 of the Pennsylvania Constitution.[3] Complaint ¶¶38-40, at 5-6. The Complaint seeks a declaratory judgment that DOC Employees violated Quarles' constitutional rights; compensatory damages against each DOC Employee in the amount of $3,000; and a punitive award against each DOC Employee in the amount of $5,000.

## The Grievance

In their Answer and New Matter to the Complaint, DOC Employees attached Quarles' grievance, his appeals, and their respective responses. *See* Answer

---

[2] The Equal Protection Clause provides:

> No State shall … deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, §1. The First Amendment to the United States Constitution provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. CONST. amend. I.

[3] It provides:

> The citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances or other proper purposes, by petition, address or remonstrance.

PA. CONST. art. I, §20. In actuality, the right to due process is found under Article I, Section 1 of the Pennsylvania Constitution. It provides:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

PA. CONST. art. I, §1. Additionally, Article I, Section 9 requires due process in criminal prosecutions and Article I, Section 11 establishes a right to "due course of law" for injuries to "lands, goods, person or reputation." PA. CONST. art. I, §§9, 11.

3

and New Matter, at 47-49, 52, 57, 59-60, 63, 65, 67-68, and 79. The grievance alleged that Quarles' wife came to visit him at SCI-Graterford on September 15, 2013, wearing white slacks and a knee-length sweater. The corrections officer instructed Quarles' wife to lift her sweater above the waistband of her slacks. The officer claimed that the white slacks were see-through, which violated DOC's visitor dress code, and denied her access to the prison.

Quarles alleged that his wife's slacks were not see-through and that what the officer observed was the waistband of her green underwear. Because his wife was denied a visiting privilege based on the false claim that her slacks violated the dress code, Quarles requested that the officer be reprimanded and prohibited from examining his wife on future visits. He also asked that the violation of the dress code on his wife's visiting record be expunged.

Quarles later supplemented his grievance, stating that he had talked to the corrections officer involved and learned that she is not a homosexual. Rather, she fashioned her appearance to look "dykey." Answer and New Matter, at 49. Quarles asked that female officers not be allowed to fashion their appearance to look "dykey" and that officers be prohibited from commenting on female visitors' clothing. *Id.* at 52.

In his response to the grievance, Knapp stated that an investigation was conducted, which included an interview of the officer and the captain on duty at the time of the incident. Both agreed that the slacks in question were see-through, which violated SCI-Graterford's visitor dress code; they also reported that Quarles' wife was very disrespectful to the officer. Knapp credited their statements and noted that Quarles had not witnessed the events described in the grievance. Knapp dismissed the grievance on its merits.

4

Quarles appealed, asserting that the officer's "dykey" appearance and comment on the color of his wife's underwear prompted his wife's behavior. Wenerowicz denied the grievance appeal, stating that the comments on the officer's sexual preference were inappropriate, unwarranted and not courteous. He noted that Quarles was not present during the events at issue and was only recounting his wife's version of events. He stated that the prison's investigation established that Quarles' wife did not comply with the dress code.

Quarles appealed to the Secretary's Office of Inmate Grievances and Appeals. This appeal asserted that Quarles no longer pursued the claim about his wife's slacks but did challenge the officer's appearance. The appeal claimed there was a difference between a "lesbian" and a "dyke;" the former acts like a woman and the latter acts like a man. Quarles contended that a "dyke" should not be allowed to search female visitors.

Varner issued the final appeal decision, stating that the grievance was not courteous. Although Quarles was warned of this lack of courtesy from the beginning, he continued to make inappropriate comments in both of his appeals. His appeal was dismissed.

**Motion for Judgment on the Pleadings**

On November 13, 2015, DOC Employees filed a motion for judgment on the pleadings and a supporting memorandum of law. They argued that the Complaint did not state an equal protection claim because there were no allegations that Quarles was treated differently from any other inmate. In addition, grievance decisions do not implicate the United States or Pennsylvania Constitutions. Section 6602(e) of what is commonly referred to as the Prison Litigation Reform Act permits a court to dismiss prison conditions litigation at any time if it is frivolous or fails to

5

state a claim. 42 Pa. C.S. §6602(e).[4] Because Quarles' Complaint failed to state a claim, DOC Employees requested the Complaint's dismissal.

Quarles responded that the Complaint stated a claim. Specifically, it seeks to establish that "dyke–type" homosexual officers should not be allowed to search female visitors or to make inappropriate comments to his wife. These outstanding factual issues should be heard by a jury.

**Trial Court Orders**

**I.**

On January 24, 2018, the trial court granted DOC Employees' motion for judgment on the pleadings because the Complaint did not state a claim upon which relief could be granted. To establish an equal protection claim, the claimant must prove purposeful discrimination. However, the Complaint did not plead any facts to support an inference of discrimination. As such, that claim failed. The trial court rejected the Complaint's due process claim because inmates do not have a constitutionally protected right to pursue a grievance, let alone a guarantee of relief.

The trial court dismissed the Complaint under Section 6602(e) of the Prison Litigation Reform Act because Quarles' disappointment in the outcome of his grievance did not authorize a lawsuit against the prison employees who

---

[4] It provides:

> (e) Dismissal of litigation.**--**Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
>
>> (1) The allegation of indigency is untrue.
>>
>> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa. C.S. §6602(e).

adjudicated the grievance. The Prison Litigation Reform Act was enacted to preclude frivolous actions and the Complaint, which did not state a cause of action, was frivolous.

## II.

Prior to dismissing the Complaint, on October 20, 2015, the trial court denied Quarles' motion to impose sanctions upon the Sheriff, who effected service of the Complaint on DOC Employees on December 16, 2014.[5] The motion claimed that Quarles never received "a return of service" notice from the Sheriff.[6] The motion sought a $2,500 sanction against the Sheriff because DOC Employees did not file their answer until March 11, 2015, which was 65 days late.[7] Had the Sheriff notified Quarles that service had been effected on December 16, 2014, he would

---

[5] Quarles attempted to appeal the denial of sanctions to this Court in 2015. We determined his appeal was not from a final, appealable order or a permissible interlocutory appeal. *Quarles v. Knapp* (Pa. Cmwlth., No. 970 C.D. 2016, filed March 22, 2017). The order became reviewable as a result of the trial court's January 28, 2018, order dismissing the Complaint.

[6] The procedure for return of service is set forth at Pennsylvania Rule of Civil Procedure No. 405 as follows, in relevant part:

> (a) When service of original process has been made the sheriff or other person making service shall make a return of service forthwith. If service has not been made and the writ has not been reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service.
>
> (b) A return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made.
>
> * * *
>
> (g) The sheriff upon filing a return of service or of no service shall notify by ordinary mail the party requesting service to be made that service has or has not been made upon a named party.

PA. R.C.P. No. 405.

[7] Pennsylvania Rule of Civil Procedure No. 1026(a) provides that an answer to a "complaint shall be filed within twenty days after service." PA. R.C.P. No. 1026(a).

have moved for a default judgment. The trial court denied the motion for sanctions against the Sheriff, finding that it lacked merit and, in any case, was barred by the Political Subdivision Tort Claims Act.[8]

First, the trial court noted that Quarles' claim that he was deprived of the opportunity to obtain a default judgment was mere speculation. The absence of a timely answer does not lead, inexorably, to a default judgment. The Pennsylvania Rules of Civil Procedure state, in relevant part, as follows:

> *No judgment* of non pros for failure to file a complaint or *by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered*
>
> * * *
>
> (ii) *in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.*

Pa. R.C.P. No. 237.1(a)(2)(ii) (emphasis added). Quarles' motion assumed, without any basis, that DOC Employees would have ignored the 10-day notice of default judgment.

Second, the trial court explained that Section 8553(c) of the Political Subdivision Tort Claims Act limits the type of damages that may be imposed on a public official or employee, including a sheriff. 42 Pa. C.S. §8553(c). Damages may be imposed on account of any injury to a person or property. 42 Pa. C.S. §8545. However, the statute does not authorize the imposition of monetary damages for a sheriff's delay in filing the notice of return of service.

---

[8] 42 Pa. C.S. §§8541-8564.

8

## III.

In July and August of 2015, Quarles served written interrogatories on DOC Employees. On September 30, 2015, Quarles filed a motion seeking a $1,500 sanction against each DOC Employee. On October 8, 2015, the trial court issued a rule to show cause why sanctions should not be imposed, and on October 10, 2015, DOC Employees responded. On November 8, 2016, the trial court denied the motion for failure to conform to "Local Rule 208.2(e)." Trial Court Order, 11/8/2016, at 1.

Montgomery County Rule of Civil Procedure 208.2(e), entitled "Motions Relating to Discovery," states as follows:

> Any motion relating to discovery must include a certification by counsel for the moving party that counsel has conferred or attempted to confer with all interested parties in order to resolve the matter without court action. This certification language is included on the cover sheet of moving party required by Local Rule 208.3 (b). By checking the appropriate box on the cover sheet of the moving party, and signing the certification section of the cover sheet, counsel for the moving party will satisfy the certification requirement under this Rule.

Local R.C.P. 208.2(e). Because Quarles did not attempt to confer with DOC Employees prior to seeking sanctions, the trial court held that the motion was premature.

### Appeal

Quarles filed the instant appeal challenging all three of the trial court's orders.[9] First, he contends that the trial court erred in granting judgment on the

---

[9] In reviewing an order granting judgment on the pleadings, this Court determines whether the trial court committed an error of law and whether material facts remain outstanding. *Skytop Meadow Community Association, Inc. v. Paige*, 177 A.3d 377, 379 n.6 (Pa. Cmwlth. 2017). An order denying a motion for sanctions is reviewed under the abuse of discretion standard. *Hill v. Kilgallen*, 108 A.3d 934, 941 (Pa. Cmwlth. 2015).

pleadings because genuine issues of fact remain in dispute. Second, he contends that the trial court erred and abused its discretion in denying his motion for sanctions against the Sheriff. Third, he contends that the trial court erred and abused its discretion in denying his motion for sanctions against DOC Employees.

**Analysis**

We begin with Quarles' claim that the trial court erred in granting the motion for judgment on the pleadings. He argues that the answer of DOC Employees established that there are material facts in dispute that require a jury trial. DOC Employees respond that the Complaint has not pled facts sufficient to establish an equal protection claim and, further, the inmate grievance process does not implicate any constitutional rights.

A motion for judgment on the pleadings may be filed under Pennsylvania Rule of Civil Procedure No. 1034.[10] In deciding the motion, a court may consider only the pleadings and any documents properly attached thereto. *Bata v. Central-Penn National Bank of Philadelphia*, 224 A.2d 174, 179 (Pa. 1966). Under Rule 1017, "pleadings" are limited to:

(1) a complaint and an answer thereto,

(2) a reply if the answer contains new matter, a counterclaim or a cross-claim,

___

[10] It provides:

(a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

(b) The court shall enter such judgment or order as shall be proper on the pleadings.

PA. R.C.P. No. 1034.

10

(3)  a counter-reply if the reply to a counterclaim or cross-claim contains new matter,

(4)  a preliminary objection and a response thereto.

PA. R.C.P. No. 1017.  The party moving for judgment on the pleadings must admit the truth of all the allegations of his adversary and the untruth of any of his own allegations that have been denied by the opposing party. *Tate v. Pennsylvania Board of Probation and Parole*, 396 A.2d 482, 483 (Pa. Cmwlth. 1979). Where there are material facts in dispute, judgment on the pleadings cannot be entered. *Miami National Bank v. Willens*, 190 A.2d 438, 439 (Pa. 1963).

Quarles argues that because DOC Employees did not admit to every allegation made in the Complaint, factual issues remain in dispute.  A motion for judgment on the pleadings required the trial court *to treat* the facts made in the complaint as true.  Where "on the facts averred, the law says with certainty no recovery is possible[,]" then a motion for judgment on the pleadings will be granted. *Piehl v. City of Philadelphia*, 987 A.2d 146, 154 (Pa. 2009).  In their motion, DOC Employees argued that the facts presented in the Complaint did not establish a violation of the United States or Pennsylvania Constitutions.  The Complaint did not allege disparate treatment of Quarles.[11]  In addition, the prison grievance system does not implicate due process.[12]  Whether the facts alleged in the Complaint are

---

[11] In point, "to prevail under the Equal Protection Clause, [a complainant] must prove that the decisionmakers in his case acted with discriminatory purpose." *McCleskey v. Kemp*, 481 U.S. 279, 293 (1987).  "The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly." *Curtis v. Kline*, 666 A.2d 265, 267 (Pa. 1995).  The Complaint presented no facts that Quarles was treated differently than similarly situated individuals or that the decisionmakers acted with a discriminatory purpose.  A constitutional violation was not stated.

[12] "[W]e have generally treated the Due Process Clause of the United States Constitution and … the Pennsylvania Constitution as coextensive." *Commonwealth v. Moto*, 23 A.3d 989, 1001 (Pa. 2011).  For due process to attach there must be a deprivation of an interest that is constitutionally

true is simply beside the point in evaluating whether the Complaint states a cause of action.

The trial court held that "[e]ven viewing [Quarles'] allegations in a light most favorable to him, he has fallen woefully short in his obligation to establish a claim upon which relief can be based." Trial Court Op., 7/16/2018, at 6. Because the judgment was based upon an assumption that all facts pled in the Complaint were true, a jury trial would be redundant. Quarles' contrary argument lacks merit.

In his second issue, Quarles claims that the Sheriff should be sanctioned for not notifying him when he effected service on DOC Employees. As a consequence, Quarles lost the opportunity to file for a default judgment when DOC Employees filed a late answer. Further, the trial court erred in *sua sponte* raising the issue that the Sheriff enjoyed immunity under the Political Subdivision Tort Claims Act.

DOC Employees respond that Quarles' default judgment theory is completely speculative and that Quarles failed to join the Sheriff to the Complaint. This makes it impossible for any court to enter an order against the Sheriff. Finally, they contend that Quarles offers no legal authority that would authorize the imposition of sanctions upon the Sheriff.

protected. *Taylor v. Pennsylvania State Police*, 132 A.3d 590, 609 (Pa. Cmwlth. 2016). The trial court held Quarles did not establish a constitutionally protected interest. In support of its holding, the trial court cited to *Davis v. Eberling*, 742 F. App'x 592 (3d Cir. 2018) (unreported). There, an inmate sued employees of SCI-Huntingdon who had denied his grievance and administrative appeals. He alleged a violation of his right to due process. The Third Circuit stated that "access to prison grievance procedures is not constitutionally required[,]" and "their handling of his grievances and appeals" confers no liberty interest on a prisoner. *Id.* at 595. *See also Rieco v. Scire*, 672 F. App'x 192 (3d Cir. 2017) (unreported) (An inmate "fails to state a due process claim as a matter of law based on the defendants' alleged failure to address his grievances or otherwise comply with the prison's grievance procedures.") and *Parkell v. Markell*, 622 F. App'x 136, 142 (3d Cir. 2015) (unreported) (An inmate has "no constitutionally protected liberty interest in receiving a particular result through the prison grievance process.").

12

We agree with DOC Employees' analysis of Quarles' second issue. DOC Employees are guaranteed notice of an intention to seek a default judgment. PA. R.C.P. No. 237.1(a)(2)(ii). We cannot assume, as Quarles would have us do, that DOC Employees would have ignored this notice of default judgment. Even so, because the Sheriff was not served with Quarles' motion for sanctions, this Court cannot grant relief. In *Posel v. Redevelopment Authority of City of Philadelphia*, 456 A.2d 243, 246 (Pa. Cmwlth. 1983), we explained that an indispensable party "is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights…." *Id.* (quoting *Columbia Gas Transmission Corporation v. Diamond Fuel Company*, 146 A.2d 788, 789 (Pa. 1975)). Quarles never amended the Complaint to add the Sheriff as a party or instituted a separate action against the Sheriff. The trial court had no jurisdiction over the Sheriff and, thus, could not issue an order to the Sheriff.[13]

In his final issue, Quarles asserts that the trial court abused its discretion in denying his request for sanctions against DOC Employees for not responding to his request for interrogatories within 30 days. Quarles argues that Local Rule 208.2(e) did not require him to confer with DOC Employees prior to seeking court assistance unless they were "disputing having to answer the Interrogatories." Quarles' Brief at 12. DOC Employees respond that Local Rule 208.2(e) is not limited to discovery disputes. In any case, DOC Employees complied with the discovery request within 10 days of the motion for sanctions and the imposition of sanctions in discovery matters is committed to the trial court's discretion.

---

[13] Because we conclude that Quarles' second claim lacks merit, we need not address whether the trial court erred, in the alternative, by addressing immunity *sua sponte*.

13

The trial court held that Quarles did not comply with Local Rule 208.2(e) prior to requesting sanctions. Quarles argues that Local Rule 208.2(e) applies in cases where a party disputes the requested material, but the language of Local Rule 208.2(e) does not support this view.[14] It applies to any motion "relating to discovery." Local R.C.P. 208.2(e). We reject Quarles' final argument.

## Conclusion

For all the above stated reasons, we affirm the three orders of the trial court.

_____
MARY HANNAH LEAVITT, President Judge

---

[14] It provides:

> *Any motion relating to discovery must include a certification by counsel for the moving party that counsel has conferred or attempted to confer with* all interested parties in order to resolve the matter without court action. This certification language is included on the cover sheet of moving party required by Local Rule 208.3(b). By checking the appropriate box on the cover sheet of the moving party, and signing the certification section of the cover sheet, counsel for the moving party will satisfy the certification requirement under this Rule.

Local R.C.P. 208.2(e) (emphasis added).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce A. Quarles,               :
           Appellant        :
                              :
           v.             :  No. 389 C.D. 2018
                              :
Gary Knapp, Dorina Varner   :
and Mike Wenerowicz       :

## **O R D E R**

AND NOW, this 21st day of February, 2019, the order of the Court of Common Pleas of Montgomery County dated January 23, 2018, is hereby AFFIRMED.[15]

_____
MARY HANNAH LEAVITT, President Judge

---

[15] The orders of November 8, 2016 and October 20, 2015, are subsumed in affirmance to the final order.